Dr. Roger STEWART, Appellee

v.

Dr. Gregory NICOSIA, individually and Dr. Gregory Nicosia Partner Trading as Advanced Diagnostics and Advance Diagnostics, Inc.

Appeal of Dr. Gregory Nicosia, Appellant (Two Cases).

Superior Court of Pennsylvania.

Argued Oct. 24, 2007.

Filed March 20, 2008.

Reargument Denied May 21, 2008.

Paul R. Yagelski, Pittsburgh, for Nicosia, appellant and Advanced Diagnostics and Advance Diagnostics, Inc., appellees.

Glenn P. Cummings, Pittsburgh, for Stewart, appellee.

BEFORE: MUSMANNO, ORIE MELVIN and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 The consolidated [1] appeal in this matter purports to lie from an order certified by the trial court as final under Pa.R.A.P. 341(c) [2] in a declaratory judgment action

---

1. The order of September 22, 2005 referred to in the caption modified an order of September 14, 2005. Appeals were taken from both.

2. Pa.R.A.P. 341(c) provides in pertinent part that:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party

brought to determine whether the parties' business dealings could be characterized as a partnership. We quash, as the order under consideration is not final and appealable.

¶ 2 At some point in 1991, Appellant, a licensed psychologist with varied business interests, agreed to provide Appellee, a chiropractor, with financial assistance to establish a chiropractic business at a location different from each party's then practice location. Their agreement was memorialized in a written contract intended to evidence a 50/50 partnership allocation of the costs and eventual distributions of the enterprise. The business was sold in 1995.

¶ 3 In August of that year, the parties orally agreed to the formation of another business venture to provide chiropractic services, this time in a building owned by Appellant. Again the expenses, and profits should there be any, were to be split 50/50, with the proviso that revenue received by Appellee from his regular place of business would always be considered separate and distinct.

¶ 4 To fund the business, Appellant contributed $32,000 in cash and equipment, and Advanced Diagnostics, a corporation wholly owned by Appellee, contributed $50,000 which had been acquired by means of a bank loan. When some of the patients from Appellant's original place of business began receiving treatment at the new facility, the parties agreed that the revenue from their visits would remain Appellant's.

However, all revenue derived from the chiropractic business was deposited in Advanced Diagnostic's account from which all expenses were also paid. Both parties had check-writing authority for this account, and the bank loan had been fully reimbursed by 1998.

¶ 5 In April or May of 1999, for reasons which are not entirely clear, Appellant changed the locks on his building, denying Appellee entry and closing the chiropractic business at that location, but without formally dissolving their association. *See* 15 Pa.C.S.A. § 8352 (concerning the dissolution of partnerships). In July of 2001, Appellee filed two complaints, in law and equity respectively: his "Complaint in Law in Assumpsit and Trespass" contained twelve counts alleging, *inter alia,* breach of contract, unjust enrichment, conversion, misrepresentation, and fraud, while his equity complaint sought appointment of a receiver, an accounting, and a declaratory judgment. The actions were consolidated in the trial court.

¶ 6 The court trifurcated proceedings, and as a first installment heard the equity matter, a declaratory judgment action, eventuating in an order of September 14, 2005.[3] The order expressed the court's conclusion that the parties were 50/50 partners in the chiropractic business operating out of Appellant's building, and that as such, they were entitled to "share equally in the profits and surplus remain-

claim or when multiple parties are involved, the trial court ... or other governmental unit may enter a final order as to one or more than fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and the entry of a final order, any order or other form of decision

that adjudicates fewer than all the claims or parties shall not constitute a final order.

3. There are in fact two orders of this same date. The first appears to be one proposed by Appellant and reflecting an adjudication in his favor. The explanatory paragraphs are crossed out, and the order marked "Denied" over the signature line. The second order, quoted above, is designated "Findings of Fact, Part 1," and "Conclusions of Law, Part 1," as well as "Order of Court."

ing after liabilities have been paid." (Order of 9/14/05 at 1). The order specifies that the disbursement should take place "even if the dollar amount is determined by subsequent court proceedings." (*Id.*). The same caveat concerning the future establishment of the amount involved is applied to further provisions of the order which concern "residual financial assets of the partnership including, but not necessarily limited to, any outstanding capital contributions, accounts receivable, profits, losses, and goodwill from the business," as well as "residual non-financial assets as of the date of dissolution in May of 1999." (*Id.* at 2). Proceedings on the law complaint remain in the trial court, as does the final third, relating to damages.

¶ 7 Upon requests from both parties— Appellant for amendment under Pa.R.A.P. 1311(b) (concerning applications to the trial court for amendment of interlocutory orders in order to seek appeal by permission), and Appellee for a determination of finality—on September 22, 2005, after argument, the trial court amended the September 14th order to designate it as final pursuant to Pa.R.A.P. 341(c): "whereby the finality of the declaratory judgment order regarding the existence of a partnership between the parties is imposed by statute at 42 Pa.C.S.A. § 7532.[4]" (Amendment Order of 9/22/05 at 2). Appellant's motion for amendment was deemed denied as the trial court failed to act on it within thirty days. *See* Pa.R.A.P. 1311(b).

¶ 8 Appellant then unsuccessfully sought permission for review in this Court asserting that the trial court had misapplied the law in determining that the chiropractic business was operated as a partnership; his petition was denied on November 30, 2005. In essence, Appellant's issues on appeal reiterate his claim of trial court error in finding the parties' affiliation a partnership. However, the question which arises prior to our examination of Appellant's assertions is whether this case is properly before us. We find that it is not.

■ ¶ 9 We first note that despite the presumed finality afforded declaratory judgment orders by statute, this Court has held that "[a] partial adjudication does not become appealable merely because it is cast in the form of a declaratory judgment." *Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 85 (Pa.Super.2007) (citing *Moore Motors, Inc. v. Beaudry*, 775 A.2d 869, 870 (Pa.Super.2001)). In *Bombar*, the trial court determined that Bombar's injuries were covered by the insurance policy under which she claimed benefits. However, she had also raised a bad faith claim, and neither that nor the amount of damages due on it had been resolved when the declaration of rights was made.[5] Similarly, in the instant matter proceedings on the claims asserted in Appellee's Complaint in Law as well any attendant damages remain in the trial court, which to judge from its language in the order appealed from clearly anticipated the lack of resolution. Thus, the proscription of Pa. R.A.P. 341(b)(1)[6] against piecemeal proceedings conducted despite the existence of unfinished business has been violated.

---

4. 42 Pa.C.S.A. § 7532 provides in pertinent part that declarations of the "rights, status and other legal relations" of the parties to a declaratory judgment action "shall have the force and effect of a final judgment or decree."

5. We did not quash the appeal which was taken from a later order deciding the bad faith claim as well as damages.

6. "A final order is any order that disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).

¶ 10 Unlike the instant matter, *Bombar* did not involve a certification of finality under Rule 341(c). However, in *Moore Motors* the appellants attempted unsuccessfully to obtain certification. This Court explained that the summary judgment which had resolved only the appellants' contract claims but not the appellees' counter-claim would have been saved by the certification, as indeed the rule is intended to operate. Here, however, despite the provision of Rule 341(c) requiring that certification is forthcoming "only upon an express determination that an immediate appeal would facilitate resolution of the entire case," no such determination appears in the trial court's order.

¶ 11 A panel of this Court has previously cautioned against injudicious use of the certification procedure since "[a] determination that an immediate appeal of a non-final order is appropriate should be made only in the most extraordinary circumstances because such action would frustrate the purpose of the amendments to the Rule." *Robert H. McKinney, Jr., Assoc., Inc. v. Albright,* 429 Pa.Super. 440, 632 A.2d 937, 939 (1993). Moreover, despite the trial court's certification of finality in *McKinney,* it, like the trial court here, failed to make the requisite "express determination that an appeal would facilitate resolution of the entire case." Indeed, the order appealed from in this consolidated action ignores the outstanding claims for damages and wages, referring instead to § 7532 to validate its finality decision. As noted, that section fails to provide automatic appealability. Thus, absent a final order as defined either by statute or rule, we are without jurisdiction to proceed.

¶ 12 Appeal quashed.