J-A23031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BARBARA LEONHARDT, EXECUTRIX OF THE ESTATE OF RAYMOND E. MCQUISTON, INDIVIDUALLY AND IN HER OWN RIGHT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRIS MLEY AND HELGA MLEY, HIS WIFE | |
| Appellee | No. 1657 WDA 2014 |

Appeal from the Order Entered September 22, 2014
In the Court of Common Pleas of Lawrence County
Civil Division at No(s): 20570 of 2012, D.S.B.

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 14, 2015**

Appellant, Barbara Leonhardt ("Ms. Leonhardt"), executrix of the estate of Raymond E. McQuiston, individually and in her own right, purports to appeal from the order entered in the Lawrence County Court of Common Pleas, striking the confession of judgment against Appellees, Chris Mley and Helga Mley, his wife (collectively, "the Mleys").[1]  We quash the appeal.

_____

[1] Specifically, the court granted the Mleys' petition to strike and/or open the confession of judgment, and dismissed Ms. Leonhardt's motion to dismiss the Mleys' petition to strike and/or open the confession of judgment.  The court's order also denied Ms. Leonhardt's motion for partial summary judgment; and dismissed as moot Ms. Leonhardt's motion to sever.

The relevant facts and procedural history of this case are as follows. On November 4, 1999, the Mleys entered into an installment land contract for the purpose of purchasing a farm property from Raymond McQuiston and his wife for $111,500.00. The contract required the Mleys to make monthly payments in 180 installments beginning November 1, 1999 and ending October 1, 2014.[2] The contract also provided that the Mleys would use the land for agricultural purposes and maintain the land in an equal or similar condition as the property was when sold. Pursuant to the contract, the Mleys had the right to use the barn, garage, and other buildings on the property. The Mleys lived in the farmhouse on the property with their children.

Mr. McQuiston died in April 2010.[3] Prior to his death, Mr. McQuiston appointed Ms. Leonhardt as the executrix of his will. In May 2011, Ms. Leonhardt informed the Mleys that she was the sole beneficiary of the McQuistons' revocable trust, which contained a property interest on the land. At that point, the Mleys began making monthly installment payments to Ms. Leonhardt. In October 2011, the Mleys secured a loan to pay off the balance owed on the contract and sought to pre-pay the balance. Ms. Leonhardt refused the Mleys' offer of prepayment. On February 23, 2012, the Mleys

_____

[2] The contract provided for a 7% interest rate. Additionally, the contract required the Mleys to pay off the McQuistons' home equity loan in full.

[3] Mrs. McQuiston predeceased Mr. McQuiston.

filed a declaratory judgment action at docket No. 10217-2012, seeking a declaration of their rights under the contract and, specifically, to pre-pay the balance owed. Ms. Leonhardt filed preliminary objections on March 2, 2012.

On May 25, 2012, Ms. Leonhardt filed a complaint in confession of judgment at docket No. 20570-2012, alleging the Mleys were in default of the contract because they failed to utilize the property for agricultural purposes, failed to maintain the barn on the property, and interfered with Ms. Leonhardt's access to the property; the court entered judgment by confession against the Mleys that day for possession of the property.

On June 27, 2012, the Mleys filed a petition to strike and/or open the judgment by confession. On or about August 7, 2012, the Mleys filed a motion to consolidate the declaratory judgment action with the confession of judgment action. Ms. Leonhardt subsequently filed a motion to stay the declaratory judgment action pending disposition of the confession of judgment action.

On September 18, 2012, the court granted the Mleys' motion to consolidate, denied Ms. Leonhardt's motion to stay, and overruled Ms. Leonhardt's preliminary objections to the declaratory judgment complaint.[4] Ms. Leonhardt filed an answer and new matter to the declaratory judgment complaint on October 9, 2012. On October 29, 2012, the Mleys filed a reply.

_____

[4] The court heard oral argument on Ms. Leonhardt's preliminary objections on May 29, 2012.

On July 30, 2013, Ms. Leonhardt filed a motion for partial summary judgment relative to the confession of judgment action. Ms. Leonhardt argued that the contract at issue did not constitute a "consumer credit transaction" which would prohibit entry of judgment by confession. The Mleys filed an answer to Ms. Leonhardt's motion on August 7, 2013. On August 19, 2013, Ms. Leonhardt filed a motion to dismiss the Mleys' petition to strike and/or open or to order a briefing schedule and argument. On August 20, 2013, Ms. Leonhardt also filed a motion to sever the declaratory judgment action from the confession of judgment action.

The court heard oral argument on all outstanding motions on April 28, 2014. On September 22, 2014, the court entered an order which (1) granted the Mleys' petition to strike the confession of judgment; (2) struck the confession of judgment; (3) dismissed Ms. Leonhardt's motion to dismiss the Mleys' petition to open and/or strike the confession of judgment; (4) denied Ms. Leonhardt's motion for partial summary judgment; and (5) dismissed as moot Ms. Leonhardt's motion to sever. The court did not resolve the Mleys' consolidated declaratory judgment action. Ms. Leonhardt filed a notice of appeal on October 9, 2014. On October 14, 2014, the court ordered Ms. Leonhardt to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Ms. Leonhardt filed her concise statement on October 28, 2014.

Ms. Leonhardt raises three issues for our review:

DID THE TRIAL COURT ERR IN CHARACTERIZING THE INSTALLMENT LAND CONTRACT AS AN INSTALLMENT LAND CONTRACT INVOLVING A RESIDENCE WHEN INDEED THE FACTS SUPPORT THE CONCLUSION THAT THE AFOREMENTIONED AGREEMENT WAS PRIMARILY FOR AGRICULTURAL PURPOSES AND NOT FOR RESIDENTIAL PURPOSES WHEN THE SUBJECT MATTER INSTALLMENT LAND CONTRACT CANNOT BE CHARACTERIZED AS A RESIDENTIAL MORTGAGE BASED UPON ALL OF THE EVIDENCE PRESENTED, A SUBSTANTIAL PORTION OF WHICH WAS IGNORED BY THE [TRIAL] COURT JUDGE IN HIS DECISION?

DID THE TRIAL COURT ERR IN FINDING THREE REQUISITE ELEMENTS PRESENT TO [STRIKE] A CONFESSION OF JUDGMENT AND WENT EVEN FURTHER BY DISMISSING THE CONFESSION OF JUDGMENT OF THE MOVING PARTY ON ITS FACE WHEN THE…CONFESSION OF JUDGMENT, THE SUBJECT MATTER OF THE INSTANT CASE, WAS NOT A CONSUMER CREDIT TRANSACTION AS HELD BY THE COURT, NOR IS THE PROPERTY THE SUBJECT MATTER RESIDENTIAL REAL PROPERTY?

DID THE TRIAL COURT ERR IN HOLDING THAT THE INSTALLMENT LAND CONTRACT REFERRED TO HEREINABOVE, WHICH WAS NOT A CONSUMER TRANSACTION, WAS NOT IN A STATE OF DEFAULT BASED UPON THE LACK OF ACTIVITY IN THE CONCEALMENT OF DAMAGE TO THE PROPERTY BY THE [MLEYS]?

(Ms. Leonhardt's Brief at 3).

Preliminarily, we observe:

The appealability of an order directly implicates the jurisdiction of the court asked to review the order. [T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable. Pennsylvania law makes clear:

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P.

- 5 -

312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

Pennsylvania Rule of Appellate Procedure 341 defines "final orders" and states:

**Rule 341.  Final Orders; Generally**

**(a)  General  rule.**  Except  as  prescribed  in subdivisions (d), and (e) of this rule, an appeal may be  taken  as  of  right  from  any  final  order  of  an administrative agency or lower court.

**(b)  Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) is expressly defined as a final order by statute; or

(3) is  entered  as  a  final  order  pursuant  to subdivision (c) of this rule.

**(c)  Determination of finality.**  When more than one claim for relief is presented in an action, whether as  a  claim,  counterclaim,  cross-claim,  or  third-party claim…the  trial  court…may  enter  a  final  order  as  to one  or  more  but  fewer  than  all  of  the  claims…only upon  an  express  determination  that  an  immediate appeal would facilitate resolution of the entire case. Such  an  order  becomes  appealable  when  entered. In the absence of such a determination and entry of a  final  order,  any  order…that  adjudicates  fewer  than all  the  claims…shall  not  constitute  a  final  order.  …

Pa.R.A.P.  341(a)–(c).    [Thus,  u]nder  Rule  341,  a  final order can be one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is  entered  as  a  final  order  pursuant  to  the  trial  court's determination under Rule 341(c).

*In  re  Estate  of  Cella*, 12 A.3d 374, 377-78 (Pa.Super. 2010) (some

internal citations and quotation marks omitted).  **See also Stewart v.**
**Nicosia**, 946 A.2d 1103 (Pa.Super. 2008) (quashing appeal from trial
court's entry of declaratory judgment in favor of appellee as not final and
appealable, where trial court had consolidated appellee's complaints in law
and equity, but ruled only on declaratory judgment action; at time of appeal,
trial court had not decided claims asserted in appellee's complaint in law;
trial court did not issue certification that immediate appeal would facilitate
resolution of entire case; absent final order as defined either by statute or
rule, this Court is without jurisdiction to entertain appeal).

Instantly, on or around August 7, 2012, the Mleys filed a motion to
consolidate the declaratory judgment action and the confession of judgment
action.  The court explained that the separate cases involved the same
parties, same counsel, same parcel of land and installment land contract,
and that consolidation would reduce expenses for the parties and streamline
the ligation process.  The court also rejected Ms. Leonhardt's claims of
prejudice and stated that the benefits of consolidation outweigh any
potential prejudice to either party.  The court suggested that if prejudice
were to occur in the future, the court could sever the cases at that point.
Consequently, the court granted the Mleys' motion to consolidate on
September 18, 2012.

Significantly, at the time the court entered the order now on appeal
the declaratory judgment action and the confession of judgment action were

still consolidated. The court's September 22, 2014 order (1) granted the Mleys' petition to strike the confession of judgment; (2) struck the confession of judgment; (3) dismissed Ms. Leonhardt's motion to dismiss the Mleys' petition to open and/or strike the confession of judgment; (4) denied Ms. Leonhardt's motion for partial summary judgment; and (5) dismissed as moot Ms. Leonhardt's motion to sever. Nevertheless, the court did not resolve the Mleys' claims related to prepayment raised in the declaratory judgment action. Thus, the order on appeal is not a final order as defined in Rule 341. *See* Pa.R.A.P. 341(b); *Estate of Cella, supra*; *Stewart, supra*. Additionally, the trial court did not certify the order appealed from as final pursuant to Rule 341(c). *See* Pa.R.A.P. 341(c); *Estate of Cella, supra*; *Stewart, supra*. Further, Ms. Leonhardt makes no argument that the order appealed from constitutes an appealable order as of right (*see* Pa.R.A.P. 311)[5] or a collateral order (*see* Pa.R.A.P. 313), or that she sought permission to appeal (*see* Pa.R.A.P. 1311). Under these circumstances, the court's September 22, 2014 order was not final when entered and Ms.

_____

[5] Notably, Rule 311(a)(1) states that an appeal may be taken as of right and without reference to Rule 341(c) from "[a]n order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief." Pa.R.A.P. 311(a)(1). **See also** Pa.R.A.P. 311, *Note* (stating: "The 1989 amendment to paragraph (a)(1) eliminated interlocutory appeals of right from orders opening, vacating, or striking off a judgment while retaining the right of appeal from an order refusing to take any such action").

Leonhardt's appeal is interlocutory and unappealable. ***See Estate of Cella, supra***; ***Stewart, supra***. Accordingly, we quash the appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2015