202 ISLAND CAR WASH, L.P., Emco Car Wash, L.P. and Car Wash Operating Company, Appellants

v.

MONRIDGE CONSTRUCTION, INC. and Environ Products, Inc.,

v.

BP Amoco Chemical Company, Amoco Corporation, Gateway Petroleum Technology, Inc., Mobil Corporation and Exxon Mobil Corporation.

Superior Court of Pennsylvania.

Argued May 18, 2006.

Filed Dec. 13, 2006.

---

Philip L. Hinerman, Philadelphia, for appellants.

Daniel J. Hart, Philadelphia, for Environ Products, appellee.

Henry I. Langsam, Philadelphia, for Monridge, appellee.

Michael C. Gross, Bala Cynwyd, for Gateway, appellee.

Kevin R. Dunleavy, Haddonfield, NJ, for Exxon and Mobil, appellees.

William A. DeStefano, Philadelphia, for BP and Amoco, appellees.

BEFORE: JOYCE, LALLY–GREEN, JJ., and McEWEN, P.J.E.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellants, 202 Island Car Wash, L.P., Emco Car Wash, L.P., and Car Wash

Operating Company, appeal from the order dated June 21, 2005, granting summary judgment in favor of BP Amoco Chemical Company and Amoco Corporation ("BP"). Appellants also challenge an earlier order granting summary judgment to Mobil Corporation and Exxon Mobil Corporation (collectively, "Exxon Mobil"). We reverse and remand.

¶ 2 The trial court stated the factual and procedural history as follows:

On July 21, 1997, the Pennsylvania Department of Environmental Protection (DEP) conducted a site inspection on the gasoline station and car wash facility of 202 Island Car Wash at 245 Wilmington Pike, Concord Township, Delaware County. Residents in the area had complained to the DEP about possible contamination of the drinking water. The DEP ordered 202 Island Car Wash, as well as Mobil Oil Corporation, now Exxon Mobil Corporation, to conduct a site inspection, sample the groundwater in the area and remediate the drinking water of affected citizens.

Petitioners, 202 Island Car Wash, made a claim to the Pennsylvania Underground Storage Tank Indemnification Fund (USTIF) to recover the costs incurred in connection with drinking water protection and environmental studies. USTIF denied the claim of 202 Island Car Wash, because the tanks had not been properly registered as required by Pennsylvania law and the USTIF.

202 Island Car Wash instituted an action against the installer of the tank system (Monridge Construction, Inc.), and the manufacturer of the tank system (Environ Products, Inc.) to recover under both statutory and common-law grounds. On January 17, 2002, defendant Monridge added as additional defendants BP Amoco Chemical Company, Amoco Corporation, Gateway Petroleum Technology, Inc., and Exxon Mobil. 202 Island Car Wash eventually reached settlements with Monridge, Environ, and Gateway. Pursuant to the terms of the settlement between 202 Island Car Wash and Monridge, a "Joint Tortfeasor" release was given. Monridge, claiming that it was not liable and had paid more than its share, assigned a purported right of contribution against Exxon Mobil.

On January 20, 2004, Exxon Mobil filed a Motion for Summary Judgment on the claim made against it by 202 Island Car Wash, including a motion for summary judgment on its counterclaim of indemnification under a franchise agreement.

This Court granted the motion for Summary Judgment by Order date[d] June 29, 2004. On this day this Court also denied a motion for Sanctions filed by 202 Island Car Wash against Exxon Mobil for alleged misconduct of Exxon Mobil's attorneys.

On July 9, 2004, 202 Island Car Wash filed Plaintiff's Motion for Reconsideration and/or Clarification. Exxon Mobil filed an Answer to Plaintiff's Motion for Reconsideration and/or Clarification on July 27, 2004. On July 29, 2004, before this Court had the opportunity to rule on the Motion to Reconsider, 202 Island Car Wash filed an appeal to the Superior Court of Pennsylvania. The Superior Court [q]uashed the appeal because the issue was interlocutory and not appealable.

On June 21st, 2005, this Court granted a motion for Summary Judgment in favor of BP Products North America, Inc., on the same grounds as the Summary Judgment granted for Exxon. 202 Island Car Wash, L.P. has taken this appeal.

Trial Court Opinion, 12/30/05, at 1–2.[1]

¶ 3 Appellants raise the following issues on appeal:

1. Does Rule 2255 of the Pennsylvania Rules of Civil Procedure, 42 P.S. [sic] § 2255, operate to permit Appellants to independently recover from additional defendants who have been sued by a Defendant with whom Appellants have settled?

2. Was the lower court's focus on the assignment of claims in the settlement agreement between Appellant[s] and settled Defendant Monridge Construction appropriate and did the assignment void Appellants' claims against Additional Defendants?

Appellants' Brief at 4.[2]

¶ 4 When analyzing the grant of a motion for summary judgment, our scope of review is plenary. *Mountain Village v. Board of Supervisors of Longswamp Township,* 582 Pa. 605, 874 A.2d 1, 5 (2005). This Court will reverse the grant of summary judgment "only where it is established that the court committed an error of law or clearly abused its discretion." *Atcovitz v. Gulph Mills Tennis Club, Inc.,* 571 Pa. 580, 812 A.2d 1218, 1221 (2002). Our Supreme Court has held that:

Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

*Id.* at 1221 (citations omitted).

¶ 5 First, Appellants argue that the trial court misapplied Pa.R.C.P. 2255 when it granted summary judgment to BP and Exxon Mobil. Specifically, Appellants argue under Rule 2255, they inherit any claims that Monridge once asserted against BP and Exxon Mobil.[3] Appellants contend that this is true even though they

---

1. As noted above, the trial court dismissed various defendants from the case at various times. The trial court's order dated July 21, 2005, granting summary judgment to BP, was a final order because it disposed of the last remaining issues and parties. *Phila. Contributionship Ins. Co. v. Shapiro,* 798 A.2d 781, 782 n. 1 (Pa.Super.2002). Appellant may now raise challenges to all prior non-final orders in the case, including the earlier order granting summary judgment to Exxon Mobil. *See id.; K.H. v. J.R.,* 573 Pa. 481, 826 A.2d 863, 872 (2003).

2. Appellants explicitly included the first issue in their concise statement of matters complained of on appeal under Pa.R.A.P. 1925. Appellants did not raise the second issue explicitly, but they did generally allege that the court erred by granting summary judgment. The trial court addressed both specific appellate issues in its Rule 1925 opinion, dated December 30, 2005.

The second issue is arguably waived. "When an appellant fails to identify in a vague [Rule] 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in a [Rule] 1925(a) opinion." *Commonwealth v. Lemon,* 804 A.2d 34, 38 (Pa.Super.2002); *but see City of Coatesville v. Jarvis,* 902 A.2d 1249, 1251 (Pa.Super.2006) (declining to find waiver based on an overly long concise statement, where the court issued a responsive opinion). Even if we were to deem the second issue waived under *Lemon,* for the reasons set forth *infra* the result would not differ.

3. Appellants also suggest that they may transfer over to Exxon Mobil and BP Amoco any claims that they once had against Monridge. We decline to address this claim on appeal, because it is undeveloped.

never filed any claims directly against either of those defendants.

¶ 6 Appellants' argument is based on rules governing joinder of additional defendants. Before discussing these rules, we note again the procedural posture of this case. Appellants instituted this action by filing claims against Monridge and others (the original defendants). Monridge, in turn, filed a joinder complaint asserting claims against BP and Exxon Mobil (the additional defendants). Monridge then settled out of the case.

■ ¶ 7 We now turn to the rules of joinder. Rule 2252 of the Rules of Civil Procedure provides, in relevant part:

**Rule 2252. Right to Join Additional Defendants**

(a) Except as provided by Rule 1706.1 [relating to class actions], any defendant [ . . . ] may join as an additional defendant any person, whether or not a party to the action, who may be

1. solely liable on the plaintiff's cause of action, or

2. liable over to the joining party on the plaintiff's cause of action, or

3. jointly or severally liable with the joining party on the plaintiff's cause of action, or

4. liable to the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Pa.R.C.P. 2252(a). Rule 2255 sets forth additional procedural rules:

**Rule 2255. Procedure**

(a) The procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant.

(b) No pleadings shall be filed between the additional defendant and any party other than the one joining the additional defendant except that the additional defendant may file a counterclaim against the plaintiff.

(c) No judgment on the pleadings may be entered in favor of any party against an additional defendant for failure to answer the complaint of the party joining the additional defendant, but all allegations of fact in such complaint to which an answer is required and which are not sufficiently answered shall be conclusive upon the additional defendant.

(d) The plaintiff shall recover from an additional defendant found liable to the plaintiff alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability.

Pa.R.C.P. 2255. "The rule permitting the joinder of additional defendants is to be broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence which gave rise to the plaintiff's complaint." *Svetz for Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 513 A.2d 403, 405 (1986) (citation omitted).

¶ 8 In *Svetz*, the trustee of a decedent who was killed in a motorcycle accident filed suit against the manufacturer of the helmet that the victim was wearing. The helmet manufacturer joined two other parties as additional defendants under different theories of law. Specifically, the helmet company joined: (1) the inn where the decedent had consumed alcohol before the accident, and (2) the person with whom the decedent had allegedly been racing before the accident. The helmet company alleged that because of the negligence of the inn

and the other individual, those parties "were alone liable to the plaintiff, or liable over to [the helmet manufacturer] on such cause of action." *Id.* In a scholarly opinion by Judge Wieand, this Court held that such joinder was permissible. *See also Somers v. Gross*, 393 Pa.Super. 509, 574 A.2d 1056, 1058 (1990) (where plaintiffs sued accountants for giving bad tax advice, accountants could join plaintiffs' attorney as an additional defendant, because the accountants alleged that any harm to the plaintiffs was the sole fault of the plaintiffs' attorney).[4]

¶ 9 In a joinder analysis, the key inquiry is whether the additional defendant's liability is related to the plaintiff's claim against the original defendant. *Somers*, 574 A.2d at 1058, *citing Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971).[5] If so, then joinder is permissible because joinder allows the court to evaluate all possible sources of the plaintiff's harm in one action, regardless of who asserted the specific theory of harm. *Id.* Moreover, where the original defendant has properly joined an additional defendant according to the rules set forth above, the plaintiff's case may proceed just as if the plaintiff filed those claims directly against the additional defendant. *See Ribnicky v. Yerex*, 549 Pa. 555, 701 A.2d 1348, 1351 (1997), *citing* Pa.R.C.P. 2255(d). Additional pleadings by the plaintiff are unnecessary, and indeed prohibited. Pa. R.C.P. 2255(b).

¶ 10 In the instant case, Monridge joined BP and Exxon Mobil as additional defendants. We must now determine whether Monridge's joinder complaint sets forth causes of action that: (1) allege that BP and Exxon Mobil caused harm to Appellants; and (2) relate broadly to Appellants' original complaint against Monridge. *Svetz; Somers; Incollingo.* If so, then Appellants may assert those claims directly against BP and Exxon Mobil. *Ribnicky*; Pa.R.C.P. 2255(d).

¶ 11 Monridge's joinder complaint meets both parts of that test. With regard to the first part of the test, Monridge alleged that any harm to Appellants was caused by BP and/or Exxon Mobil.[6] Specifically, Monridge alleged that BP is solely or jointly liable to Appellants for contamination on the site, because BP: (1) "negligently caused the release of gasoline containing benzene during the operation of its gasoline station located at the Site"; and (2) "fail[ed] to remove and/or properly close the underground storage tanks at the Site[.]" Docket Entry 37, Joinder Complaint, Count 4, ¶¶ 110–111; *see also id.* at ¶ 115. In a similar vein, Monridge alleged that BP was solely or jointly liable to Appellants because BP violated the Clean Streams Act, 35 P.S. § 691.1 *et seq. Id.*, Count 5, ¶¶ 116–131.

¶ 12 Next, Monridge alleged that Exxon Mobil was solely or jointly liable to Appellants because it knowingly distributed gasoline to an unregistered underground storage tank in violation of the Tank Act, 35 P.S. § 6021.503(b). *Id.*, Count 6, ¶¶ 132–140. Finally, Monridge alleged that Exxon Mobil was solely or jointly liable to Appellants because it allowed gasoline to

---

4. *Compare Olson v. Grutza*, 428 Pa.Super. 378, 631 A.2d 191 (1993) (disallowing joinder where the original defendant's claim against the additional defendants was insufficiently related to the plaintiff's cause of action).

5. *"Incollingo* has been abrogated on other grounds unrelated to the present case. *See*

*Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980) (rejecting prior practice of discounting future lost earnings in personal injury awards)." *Lineberger v. Wyeth*, 894 A.2d 141, 144 n. 2 (Pa.Super.2006).

6. Monridge denied any liability to Appellants.

be released from unregistered storage tanks at the site, in violation of common-law principles of negligence and the Clean Streams Act. *Id.*, Count 7, ¶¶ 141–165. In summary, the joinder complaint asserts that BP and Exxon Mobil harmed Appellants.

¶ 13 As to the second part of the test, the joinder complaint relates broadly to Appellants' original complaint against Monridge. In the original complaint, Appellants alleged that Monridge was responsible for contamination on the site because Monridge improperly installed a tank system. The joinder complaint broadly sets forth other theories as to who is responsible for that contamination, and for what reasons.

¶ 14 The trial court held that summary judgment was appropriate because **Appellants'** complaint did not relate to Exxon or BP:

Furthermore, 202 Island Car Wash contended that under 42 Pa.C.S. § 2255(d), an additional defendant is subject to the allegations of the original complaint and, therefore, there is no need for a direct claim to be established against either Exxon or BP. This claim is incorrect in this instance. **In this instance none of the issues that were asserted by 202 Island Car Wash in their original complaint would be applicable to either Exxon or BP.** As a result, there is no remaining claim against either party and, therefore, this Court properly granted Summary Judgment in favor of both Exxon and BP Products.

Trial Court Opinion, 12/30/05, at 5–6 (emphasis added). We are constrained to hold that the trial court erred in this analysis by focusing on Appellants' complaint, rather than on the allegations of the joinder complaint. Because the trial court granted summary judgment without considering these principles, we conclude that Appellants' first claim has merit.

¶ 15 Next, Appellants argue that the trial court erred by invoking 42 Pa.C.S.A. § 8324 as a basis for summary judgment. The trial court reasoned that under § 8324, a settling defendant such as Monridge cannot assign its claims against Exxon Mobil and BP to Appellants.[7] Appellants counter that a § 8324 analysis is unnecessary, because it does not matter whether Monridge can assign its claims to Appellants.

¶ 16 We agree with Appellants. As noted above, under § 2255, Appellants may now assert claims directly against BP and Exxon Mobil, regardless of any assignment from Monridge. Thus, we need not address whether the trial court's § 8324 analysis is correct.[8]

---

7. The trial court reasoned:

"A joint tort-feasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tort-feasor whose liability to the injured person is not extinguished by the settlement." 42 Pa.C.S.A. [§ ]8324(c). When Defendant Monridge settled with the Plaintiff, 202 Island Car Wash, in this case a "joint tortfeasor release" was granted. In that settlement, the liability of additional defendant Exxon Mobil was not extinguished. Therefore, Monridge is not entitled to recover contribution from Exxon Mobil, and thus, it cannot assign that non-existent right to 202 Island Car Wash. .... 202 Island Car Wash has stated that Monridge denied any liability to 202 Island Car Wash in the settlement agreement. That being the case, Monridge did not establish that it was liable to 202 Island Car Wash, and is thus unable to receive contribution. Since it did not have that right, it cannot assign a non-existent right to 202 Island Carwash.

Trial Court Opinion, 12/30/2005, at 3–5.

8. Of course, Appellants cannot recover damages that would have flowed exclusively to Monridge, and not to Appellants themselves.

¶ 17 Finally, we note that BP and Exxon Mobil raise a host of alternative bases for granting summary judgment. For example, they contend that the trial court properly granted summary judgment because: (1) a two-year statute of limitations bars this action; (2) a Real Estate Purchase and Sale Agreement between Amoco and Thomas Spano bars this action; and (3) the claims of negligence, negligence *per se,* and strict liability fail as a matter of law for various reasons. *See* BP's Brief at 12–15; Exxon Mobil's Brief at 11–13, 18–41.

¶ 18 We decline to address these claims, because we have no trial court determination on these matters. Rather, the more prudent course is to remand this case to the trial court for a decision in the first instance. On remand, BP and Exxon Mobil may assert (or re-assert) any bases for summary judgment that were not already addressed in this Opinion. The trial court is entitled to conduct any further summary judgment proceedings that it deems appropriate. Given the number of alternative arguments, we respectfully suggest that the trial court should indicate which arguments (if any) it deems meritorious, and which arguments (if any) it does not.

¶ 19 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

As noted above, however, the joinder complaint overwhelmingly centered on the ways that BP and Exxon Mobil harmed **Appellants,** not Monridge. Docket Entry 37.