## Temple Development Company L.P. v. RadioShack Corporation

C.P. of Centre County, no. 2005-2808.

*David B. Consiglio,* for plaintiff.
*Robert P. Corbin,* for defendant.

BROWN JR., *P.J.,* March 26, 2007—Before the court is a motion for summary judgment filed by plaintiff Temple Development Company L.P. Because this court determines a genuine issue of material fact remains, plaintiff's motion is denied.

## HISTORY

On September 7, 1999, plaintiff Temple Development Company L.P. and defendant RadioShack Corporation, formerly, and successor in interest of, Tandy Corporation entered into a lease agreement wherein which defendant leased retail space from plaintiff in North Atherton Place Shopping Center in Patton Township, Centre County. The original term of the lease was for five years. However, the parties subsequently agreed to extend the lease until 2010.

The lease agreement provides defendant will pay plaintiff a fixed minimum rent of $2,465.63 per month

during the term of the lease. However, the lease agreement contains a provision whereby, in the event plaintiff violates the terms of a "product exclusivity" provision and fails to cure such violation, defendant has the option of paying the lesser of the fixed minimum rent or 3 percent of gross sales monthly. The "product exclusivity" provision states that during the term of the lease, no space within the shopping center or any adjacent property owned by plaintiff will be "used for the retail sale or display of electronic equipment and components, including, but not limited to, any type of cellular or digital phones and/or transmitting equipment, Compac computers, stereo equipment, any type of satellite equipment, or related accessories to any of the foregoing." Lease agreement, section 26A.

On October 8, 2004, defendant advised plaintiff that defendant was exercising its option to pay 3 percent of gross sales monthly in lieu of the fixed minimum rent. Defendant explained it was entitled to exercise the lesser-rent option because certain products sold by E.B. Games, another tenant in the shopping center, violated the "product exclusivity" provision in the parties' lease agreement.

On August 8, 2005, plaintiff filed a complaint against defendant. In its complaint, plaintiff alleges the products sold and displayed by E.B. Games do not trigger the lesser-rent option. Accordingly, plaintiff alleges defendant owes the difference between the amount defendant has been paying since exercising the lesser-rent option and the amount designated as the minimum fixed rent. Plaintiff also alleges in its complaint that defendant committed an "event of default" under the lease agreement, thereby entitling plaintiff to evict defendant.

On November 29, 2006, plaintiff filed the motion for summary judgment now before this court. Oral argument on plaintiff's motion was held on February 8, 2007.

## DISCUSSION

In its motion, plaintiff maintains it is entitled to summary judgment in its favor, pursuant to Pa.R.C.P. 1035.2(1), consisting of the immediate eviction of defendant, payment of past due rent plus interest, and payment of all costs by defendant. This court disagrees plaintiff is entitled to summary judgment.

Under Pa.R.C.P. 1035.2(1), "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report."

Pennsylvania case law explains that "[s]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *202 Island Car Wash L.P. v. Monridge Construction Inc.,* 913 A.2d 922, 925 (Pa. Super 2006) (citing *Atcovitz v. Gulph Mills Tennis Club Inc.,* 571 Pa. 580, 585, 812 A.2d 1218, 1221 (2002)). The record must be viewed "in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* "When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment." *Id.*

In the present matter, this court determines summary judgment in favor of plaintiff is not appropriate because a genuine issue of material fact remains: whether or not the products sold by E.B. Games (specifically, ethernet cables and various game consoles and related equipment) violate the "product exclusivity" provision in the parties' lease agreement. This court is unable to determine, as a matter of law, plaintiff is entitled to payment of past due rent, as well as eviction of defendant, when an issue remains as to whether or not the merchandise sold by E.B. Games triggers the lesser-rent option in defendant's lease. Accordingly, this court denies plaintiff's motion for summary judgment.

### ORDER

And now, March 26, 2007, plaintiff's motion for summary judgment is denied.