J-A24030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID HATCHIGIAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LAWRENCE M. OTTER, ESQUIRE, JOSEPH P. CARANCI, JR., ESQUIRE, BART LEVY, ESQUIRE, DAVID DENNBERG, ESQUIRE | |
| Appellees | No. 2289 EDA 2015 |

Appeal from the Judgment Entered June 19, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): April Term, 2011 No. 00329

BEFORE:  BOWES, J., OTT, J., and SOLANO, J.

JUDGMENT ORDER BY OTT, J.:                    **FILED AUGUST 17, 2016**

David Hatchigian appeals, *pro se*, from the judgment entered on June 19, 2015, in the Court of Common Pleas of Philadelphia County following the denial of Hatchigian's post-trial motion.  After filing a timely notice of appeal, Hatchigian was ordered to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).  The trial court granted Hatchigian an extension of time to August 17, 2015 to file the document.  In response, Hatchigian filed a document entitled "Plaintiff's Supplemental Motion for Post-Trial Relief" on August 21, 2015.[1]  The trial court determined the document was untimely and was vague to the point of making the court

_____

[1] We note August 17, 2015 was a Monday and August 21, 2015 was a Friday.

guess as to the errors alleged. Accordingly, the trial court determined all issues were not properly preserved for appellate review due to the failure to comply with the dictates of Pa.R.A.P. 1925.[2] After a thorough review of the submissions by the parties, the certified record, and relevant law, we agree with the trial court that all issues have been waived, albeit on different grounds. (*See* footnote 3 *infra*). Therefore, we affirm.

Briefly, Hatchigian, acting *pro se*, filed a claim against the defendant/appellees claiming negligent representation, breach of contract and breach of fiduciary duty in their representation of him in an insurance matter. A jury found no legal malpractice had taken place, but awarded Hatchigian $500.00 for breach of contract and $1.00 for breach of fiduciary duty.

As noted, after the denial of his post-trial motion, Hatchigian filed a timely notice of appeal. On July 13, 2015, the trial court entered an order compelling Hatchigian to file a statement of errors complained of on appeal with the trial court by August 3, 2015. The order complied with the requirement of Rule 1925 and was served on Hatchigian pursuant to the dictates of Pa.R.C.P. 236. Hatchigian sought an extension of time, which was granted on July 16, 2016, giving him until August 17, 2015 to file the Rule 1925(b) statement.

---

[2] Nonetheless, in his Pa.R.A.P. 1925(a) opinion, the trial judge addressed the three issues he believed Hatchigian had meant to raise.

Upon receipt of the document,[3] the trial court determined it significantly failed to comply with the requirements of Rule 1925. Specifically, the trial court stated:

> Furthermore, [Hatchigian's] eleven page brief is neither concise nor properly itemized. [Hatchigian] has therefore waived all issues on appeal because "the Pa.R.A.P. 1925(b) statement must be sufficiently 'concise' and 'coherent' such that the trial court may be able to identify the issues to be raised on appeal." *Jiricko v. GEICO Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008). In *Jiricko v. GEICO Ins. Co.*, the Superior Court found waiver of all issues on appeal because the pro-se appellant's statement is an incoherent, confusing, redundant, defamatory rant accusing GEICO's attorney and the trial court judge of conspiring to deprive Appellant of his constitutional rights." *Id*. at 213. In this case, [Hatchigian's] brief is similarly confusing and plaintiff accuses the defendants and defense counsel of violating the Rules of Professional Conduct at trial.
>
> Amazingly, [Hatchigian's] brief is both too lengthy and insufficiently specific for this Court to properly determine what precise issues [Hatchigian] seeks to appeal. A statement of errors "must be specific enough for the trial court to identify and address each issue the appellant wishes to raise on appeal." *Mazurek v. Russell*, 96 A.3d 372, 377 (Pa. Super. 2014). In the brief, [Hatchigian] often fails to provide sufficient details so that the Court can determine to what he is referring. This Court has nonetheless attempted to discern the issues that [Hatchigian] raises on appeal and address them below.

_____

[3] The trial court also determined the document had been untimely filed. We note that Hatchigian asserts he attempted to serve the trial court with the document in a timely manner, but could not do so as the judge's chambers were closed when he arrived. Hatchigian claims he delivered a copy of the document to the chambers of a different judge instead. Because we are able to resolve this matter on other grounds, we need not formally determine whether all appellate issues were waived due to untimely filing of the document.

Trial Court Opinion, 12/24/2015, at 5-6.

> [W]hen an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P. 1925(a) opinion.

*Commonwealth v. Lemon*, 804 A.2d 34, 38 (Pa. Super. 2002).  *See also*, *202 Island Car Wash, LP v. Monridge Const., Inc.*, 913 A.2d 922, 925, n.2 (Pa. Super. 2006) and *Tucker v. R.M. Tours*, 939 A.2d 34 36463 (Pa. Super. 2007).

Accordingly, all issues have been waived.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2016

- 4 -