J-A09008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELMER CHESTNUT AND MARY ANN CHESTNUT, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2671 EDA 2018 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | : | |
| | : | |

Appeal from the Order Entered, August 20, 2018,
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s): 2014-24030.

BEFORE: KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED MARCH 22, 2019**

Elmer and Mary Ann Chestnut ("the Chestnuts") appeal *pro se* from the trial court's order granting the motion to enforce the settlement agreement filed by Nationwide Property and Casualty Insurance Company ("Nationwide"). Because the Chestnuts have not followed many of the Pennsylvania Rules of Appellate Procedure, we quash their appeal.

The trial court summarized the pertinent facts and procedural history as follows:

> [The Chestnuts] initiated a breach of contract lawsuit against [Nationwide] by complaint dated August 20, 2014 for failure to identify [them] for a loss they allege was covered under their insurance policy. The [Chestnuts] also filed a Petition for a Preliminary Injunction which was temporarily granted for 30 days by agreement, before being withdrawn on November 13, 2014, by stipulation.

_____

*   Retired Senior Judge assigned to the Superior Court.

Thereafter, no activity occurred on the docket, and the prothonotary issued a Notice to Terminate on December 21, 2017. [The Chestnuts] filed their Statement of Intention to Proceed on January 11, 2018. [They] issued numerous discovery requests prompting [Nationwide] to file a Motion to Enforce Settlement Agreement on April 11, 2018, and an Emergency Motion to Stay Discovery on April 20, 2018. [The Honorable Emanuel A.] Bertin heard the Emergency Motion to Stay Discovery and ordered the Motion transferred to a Discovery Master and ordered that the Discovery Master or this Court would decide whether further discovery was warranted. Judge Bertin's Order was received by this Court, a telephonic conference was held, and [the Chestnuts] requested time to prepare a written response to the motions. This Court granted that request, and stayed discovery while [their] responses were pending. Thereafter, oral argument was held on the motions, and this Court subsequently permitted the [Chestnuts] to conduct discovery of the notary who notarized the Settlement Agreement at issue. A hearing on the Motion to Enforce the Settlement Agreement was held on August 17, 2018, and this Court subsequently granted the motion. Based on the hearing, and this Court's review of the record and court documents, this Court determined that mediation on the initial case occurred on January 7, 2015 before [former judge, the Honorable Mason] Avrigian, Sr. A settlement agreement was reached totaling $302,000. Due to a disagreement with the mortgager, an interpleader action was eventually filed and settled. However, on this case, no Praecipe to Settle, Discontinue, and End was ever filed.

\*\*\*

[The Chestnuts] personally received $206,211.00 while the remainder of the $302,000.00 was paid to their mortgage company and their attorney through a settlement agreement following the interpleader action. [The Chestnuts] clearly signed the agreement even if they failed to read what they were signing. Additionally, Elmer Chestnut's signature appears on a page which clearly should have indicated to him that he was signing an agreement containing a release. Further, even without the signatures, it is clear from Judge Avrigian, Sr. and the conduct of the [Chestnuts] that there is a binding settlement agreement. The agreement was reached by the parties per Judge

> Avrigian, Sr. This agreement was fully understood. That agreement was accepted by [the Chestnuts] when they accepted the funds in accordance with the settlement following the interpleader action.

Trial Court Opinion, 10/29/18, at 1-4 (citations to record omitted). This timely appeal follows.

We must first determine whether the Chestnuts have preserved any claims for our review. In response to the trial court's order, the Chestnuts filed a five-page Pa.R.A.P. 1925(b) statement of errors complained of on appeal, which the trial court reproduced verbatim in its Pa.R.A.P. 1925(a) opinion. Although the trial court found that the Concise Statement the Chestnuts provided did not actually provide a concise statement of the errors complained of on appeal, the court addressed the errors it believed the Chestnuts raised." Trial Court Opinion, 10/29/18, at 8. The trial court then provided a thorough discussion of six issues it believed the Chestnuts wished to raise and found them all to be meritless.

We note that, "A concise statement of [errors] complained of on appeal must be specific enough to identify and address each issue the appellant wishes to raise on appeal. *Mazurek v. Russell*, 96 A.3d 372, 377 (Pa. Super. 2014). An overly vague or broad statement of matters complained of on appeal may result in waiver. *Majorsky v. Douglas*, 58 A.3d 1250, 1258 (Pa. Super. 2012), *appeal denied*, 70 A.3d 811 (Pa. 2013). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. McCree*, 857 A.2d 188, 192 (Pa. Super. 2004)

- 3 -

(citation omitted). Moreover, if the appellant filed a vague Rule 1925(b) statement, the issues the appellant wishes to raise on appeal are still waived, "even if the trial court guesses correctly and addresses the issue" in a Rule 1925(a) opinion. ***202 Island Car Wash, L.P. v. Monridge Constr., Inc.***, 913 A.2d 922, 925 n.2 (Pa. Super. 2006) (citation omitted).

Here, the trial court had to guess at what issues the Chestnuts wished to raise on appeal. Even if it guessed correctly, we could still find waiver. ***See id.*** Absent waiver, however, we observe that the Chestnuts' appellate brief does not include a statement of questions involved. ***See*** Pa.R.A.P. 2116. Indeed, the Chestnuts' *pro se* brief does not even remotely comply with the Rules of Appellate Procedure.

With regard to the contents of the Chestnuts' *pro se* brief, we note:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in [the] Pennsylvania Rules of Appellate Procedure. ***Id.*** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no benefit upon the appellant. To the contrary, an person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Wilkins v. Marsico***, 903 A.2d 1281, 1284-85 (Pa. Super. 2006).

Rule 2111 of the Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief:

**Rule 2111. Brief of the Appellant**

- 4 -

**(a) General Rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of Jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of his rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Additionally, Rule 2119(a) provides:

**Rule 2119.  Argument**

**(a) General rule.**  The argument shall be divided into as many parts as there are questions to be argued;

- 5 -

> and shall have at the head of each part—in distinctive type or in type distinctively displayed— the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Citing the above rule, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012).

Our review of the Chestnuts' brief readily indicates that they misapprehend Superior Court's role as an appellate court. Most importantly, as noted above, the Chestnuts' brief contains no statement of questions involved or argument. Indeed, the *pro se* filing appears more as an attempt to relitigate their original filing against Nationwide and a further attempt to obtain monetary relief. This court's appellate function primarily is to correct legal errors made by the trial court. The shortcomings in the Chestnuts' brief have hampered effective appellate review. ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006). Our rules provide that if defects in the brief are substantial, the appeal may be quashed or dismissed. Pa.R.A.P. 2101.

In sum, because the Chestnuts filed a vague 1925(b) statement of errors complained of on appeal and failed to file a brief that complies with the Rules of Appellate Procedure, effective appellate review is not possible. ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super.

2006).   Thus, we quash this appeal and remove the case from the oral argument list.   Given this disposition, we deny the Chestnuts' outstanding motion to continue oral argument as moot.

Motion to continue denied.   Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19