J-A26037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRANK LOMUSCIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HORACE S. COLE AND SONYA K. | : | No. 950 EDA 2020 |
| COLE, ELY-OR THACKER;  AHMED | : | |
| MOUSTAFA; SHERWIN JENNINGS; | : | |
| ANDREW TORREGROSSA; AND | : | |
| ANDREW GLEASON | : | |
| | | |
| Appellees | | |
| v. | | |
| | | |
| CHRISTOPHER SIMON | | |
| | | |
| Additional Defendant | | |

Appeal from the Order Entered February 12, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 4719 Civil 2016

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED OCTOBER 30, 2020**

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant, Frank Lomuscio, appeals from interlocutory orders via an order granting certification under Pennsylvania Rule of Appellate Procedure 341(c) in the Court of Common Pleas of Monroe County.[1] After a careful review, we quash this appeal.

The relevant facts and procedural history are as follows: On January 30, 2017, Appellant filed a civil complaint averring that, on or about July 6, 2014, Appellant attended a party at a residence located on Prospect Street in East Stroudsburg. Appellant alleged the residence was owned by Horace S. Cole and Sonya K. Cole (collectively "the Coles"), who leased the property to Ely-Or Thacker ("Thacker"), Ahmed Moustafa ("Moustafa"), and Sherwin Jennings ("Jennings") (collectively "leasing Appellees"), who in turn permitted Andrew Torregrossa ("Torregrossa") and Andrew Gleason ("Gleason") (collectively "residing Appellees") to reside at the house. Appellant averred the leasing and residing Appellees were past or current students of East Stroudsburg University, belonged to the same fraternity, and advertised the party through social media.

Appellant contended that during the July 6, 2014, party the leasing and residing Appellees served alcohol without monitoring the intoxication level or confirming the age of the guests, and at some point, "a group of individuals

---

[1] As discussed *infra*, Christopher Simon was added in the trial court as an "Additional Defendant." Accordingly, we have amended the caption to include Christopher Simon as an additional defendant in this matter. Further, we direct the trial court to amend the caption in this regard, as well.

arrived…, some of whom had previously attended parties hosted at the premises by the leasing [Appellees] and the residing [Appellees]…, and who were known to the hosts as troublemakers or individuals who had exhibited dangerous or criminal behavior." Appellant's Complaint, filed 1/30/17, at 3 ¶ 17.

Appellant admitted that, after the troublemaking individuals entered the premises, the leasing and residing Appellees "eventually" asked them to leave; however, instead of leaving, the troublemaking individuals assaulted some of the party-goers, including Appellant who was repeatedly "punched/kicked/stomped and struck in the head causing him to lose consciousness." *Id.* at ¶¶ 20-21. Appellant indicated he was transported to the hospital where he remained in a coma for eight days due to head and brain injuries sustained during the attack. He continues to receive rehabilitation.

Appellant alleged that "[d]espite the fact that the leasing [Appellees] and residing [Appellees] knew or should have known of the danger presented by the group of troublemaking individuals, they failed to contact the police before [Appellant] was injured." *Id.* at ¶ 18. Moreover, Appellant contended the Coles knew or should have known the leasing and residing Appellees hosted parties with alcohol service at the premises.

Further, Appellant asserted the Coles failed to enforce the terms of the lease and the requirements of local ordinances by failing to police the leasing and residing Appellees. Also, Appellant noted the residence had a faulty door,

which allowed the troublemaking individuals easy access inside the residence. Accordingly, based on the aforementioned, Appellant presented various claims of negligence against all Appellees, who were named as defendants in the complaint.

After discovery commenced, on February 15, 2018, Thacker filed a motion to join Christopher Simon (hereinafter "Simon") as an additional defendant. Therein, Thacker averred he served upon the Coles a request for the production of documents, and the Coles provided Thacker with a copy of the rental agreement, which was in effect on the date of Appellant's assault. Upon inspection thereof, Thacker discovered Simon, along with Thacker and Moustafa, was named as a lessee on the rental agreement; however, Simon had not been named in the complaint as a defendant by Appellant. Accordingly, Thacker requested permission to join Simon as an additional defendant.

By order entered on February 16, 2018, the trial court granted Thacker permission to "join Additional Defendant Christopher Simon within thirty (30) days from the date of th[e] Order."[2] Trial Court Order, filed 2/16/18.

_____

[2] We note no party objected to Thacker's request. Further, in response to the trial court's order, on March 8, 2018, Appellant filed a pleading entitled "Plaintiff's Unopposed Motion to Extend Discovery, Joined by All Defendant's [*sic*] Who Have Answered Plaintiff's Complaint." Therein, Appellant requested an extension of time for discovery, in part, due to the fact the trial court had "granted the parties leave to add a whole new defendant—Christopher Simon—to this action." Appellant's Motion, filed 3/8/18. Appellant noted "Mr.

Consequently, on March 12, 2018, Thacker filed a pleading entitled "Defendant Ely-Or Thacker's Complaint Against Additional Defendant Christopher Simon."

Therein, Thacker averred Simon was a tenant of the subject residence when Appellant was injured. Thacker also relevantly averred that, "[i]f the allegations contained in the Plaintiff's Complaint as to the injuries and damages are proven true at trial,…then Additional Defendant Christopher Simon is solely liable, and in the alternative, is liable over to Defendant/Cross-Claimant Ely-Or Thacker."[3] Appellee Thacker's Complaint Joining Additional Defendant, filed 3/12/18, at 1 ¶ 8.

_____

Simon's involvement in this matter was completely unknown to Plaintiff and other parties, and he will have to be served with an Amended Complaint, permitted an opportunity to review the discovery in this case, have discovery taken from him, and so on." **Id.** The trial court granted Appellant's motion to extend discovery on March 15, 2018.

[3] We note the Pennsylvania Rules of Civil Procedure permit a defendant to join an additional defendant not a party to the action who may be solely liable, liable over to the joining party, or jointly or severally liable with the joining party on the plaintiff's cause of action. Pa.R.Civ.P. 1706.1. Further, the Rules relevantly provide that "[t]he plaintiff shall recover from an additional defendant found liable to the plaintiff alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." Pa.R.Civ.P. 2255(d). Generally, even where the original defendant, who has properly joined an additional defendant, has been dismissed from a lawsuit, the plaintiff's case may proceed just as if the plaintiff had filed those claims directly against the additional defendant without the plaintiff filing any additional pleadings. **See 202 Island Car Wash, L.P. v. Monridge Construction, Inc.**, 913 A.2d 922 (Pa.Super. 2006).

Thereafter, Thacker, the Coles, Torregrossa, Gleason, and Moustafa filed separate motions for summary judgment. Notably, neither original defendant Jennings nor additional defendant Simon filed summary judgment motions. On March 1, 2019, Appellant filed a response in opposition to each of the motions for summary judgment, as well as a supporting memorandum of law.[4]

By orders entered on July 24, 2019, the trial court granted summary judgment in favor of Thacker, the Coles, Torregrossa, Gleason, and Moustafa as to all claims against them. On August 19, 2019, despite the fact the matter against original defendant Jennings and additional defendant Simon remained pending in the trial court, Appellant filed a notice of appeal to this Court from the July 24, 2019, summary judgment orders.

On October 24, 2019, while the appeal was pending in this Court, Appellant filed a "Motion for Leave to Discontinue as to Defendant, Sherwin Jennings, Pursuant to Pa.R.C.P. 229." Thereafter, on October 25, 2019, this Court quashed Appellant's August 19, 2019, notice of appeal.

Specifically, this Court filed an order indicating the following:

> Claims have not been adjudicated as to all parties. Therefore, the appeal is interlocutory. **See Druot v. Coulter**, 946 A.2d 708 (Pa.Super. 2008) (Where multiple defendants in a single action were removed from the case in a piecemeal fashion each separate judgments becomes appealable when the suit is resolved

---

[4] In the memorandum of law, Appellant argued discovery revealed Thacker, Moustafa, and Simon entered into the relevant rental agreement with the Coles. Appellant's Memorandum in Opposition to Summary Judgment, filed 3/18/19, at 2.

against the final defendant). Accordingly, the appeal is hereby QUASHED, sua sponte.

Superior Court Order, filed 10/25/19 (*per curiam*).[5]

By order dated October 30, 2019, and filed on November 1, 2019, the trial court issued a rule as to why Appellant's motion for leave to discontinue as to Jennings should not be granted. The trial court indicated that if no answer was received by November 22, 2019, Appellant could file a motion to make the rule absolute.

No party objected to the motion for leave to discontinue as to Jennings, and on February 3, 2020, Appellant filed a motion entitled "Motion to Make Absolute the Rule of October 30, 2019, and for a Determination of Finality Pursuant to Pa.R.A.P. 341(c) Regarding the Orders Entered in this Matter on the 24th Day of July, 2019[,] which Collectively Granted Summary Judgment in Favor of Defendants, Horace S. and Sonya Cole, Ely-Or Thacker, Ahmed Moustafa, Andrew Torregrossa and Andrew Gleason."

In the motion, Appellant contended that "by granting Plaintiff's Motion [the trial] court will discontinue this action as to Defendant, Sherwin Jennings, which will in turn and simultaneously render a final adjudication as to all parties, since [the trial] court—vis-à-vis the Summary Judgment Orders—has previously granted summary judgment in favor of all the other defendants."

---

[5] This Court's docket reveals the order was served upon the parties on October 25, 2019.

Appellant's Motion to Make Rule Absolute and Determination of Finality, filed 2/3/20, at 3 ¶ 13.  Notably, Appellant failed to recognize that additional defendant Simon has not been dismissed from the lawsuit, and Appellant did not ask the trial court to make an express determination that an immediate appeal would facilitate resolution of the entire case.

By order dated February 11, 2020, and filed on February 12, 2020, the trial court indicated the following in its entirety:

### ORDER

AND NOW, this 11ᵗʰ day of February, 2020, upon consideration of Plaintiff's Motion to Make Absolute the Rule of October 30, 2019, and for a Determination of Finality Pursuant to Pa.R.A.P. 341(c) Regarding the Orders Entered in this Matter on the 24th day of July, 2019, Which Collectively Granted Summary Judgment in Favor of Defendants, Horace S. and Sonya K. Cole, Ely-Or Thacker, Ahmed Moustafa, Andrew Torregrossa, and Andrew Gleason, and any response thereto, it is hereby **ORDERED and DECREED** that Plaintiff's Motion is **GRANTED**, and that this action is discontinued as to Defendant, Sherwin Jennings, and that those Orders that were entered in this matter on the 24th day of July, 2019, which collectively granted summary judgment in favor of Defendants, Horace S. and Sonya K. Cole, Ely-Or Thacker, Ahmed Moustafa, Andrew Torregrossa, and Andrew Gleason, are hereby designated and certified as final pursuant to Pa.R.A.P. 341(c).

Trial Court Order, filed 2/12/20 (bold in original).

On March 11, 2020, Appellant filed a notice of appeal to this Court.  The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a Pa.R.A.P. 1925(a) opinion.

In its Rule 1925(a) opinion, as it pertains to this Court's jurisdiction, the trial court relevantly indicated the following:

[Appellant] appeals, for the second time, from [the trial court] Orders of July 24,…2019, granting summary judgment in favor of [Appellees] Ely-Or Thacker[], Ahmed Moustafa[], Andrew Gleason[], Andrew Torregrossa[], and Horace and Sonya Cole[], and against [Appellant]. [Appellant's] first appeal, for which Notice was served August 19, 2019, was determined by our Superior Court to be interlocutory for failure to adjudicate all claims....[O]ur Superior Court remanded the matter to [the trial] court. On February 11, 2020, [the trial court] granted [Appellant's] Motion to Make Rule Absolute dismissing all previously un-adjudicated claims and discontinuing the action against previous Defendant, Sherwin Jennings. In the same order, we also granted [Appellant's] Motion for a determination of finality as to our July 24,…2019, Orders.

Trial Court Opinion, filed 6/2/20, at 1-2.

On appeal, Appellant sets forth the following issues in his "Statement of

Questions Involved" (verbatim):

**Question 1:** Whether the trial court erred and abused its discretion by granting summary judgment in favor of Defendants-Appellees, Horace Cole and Sonya K. Cole (collectively, "the Coles").

**Question 2:** Whether the trial court erred and abused its discretion by granting summary judgment in favor of Defendant-Appellee, Andrew Torregrossa ("Torregrossa").

**Question 3:** Whether the trial court erred and abused its discretion by granting summary judgment in favor of Defendant-Appellee, Andrew Gleason ("Gleason").

**Question 4:** Whether the trial court erred and abused its discretion by granting summary judgment in favor of Defendant-Appellee, Ely-Or Thacker ("Thacker").

Appellant's Brief at 4 (suggested answers omitted) (bold in original).[6]

_____

[6] As indicated *supra*, Moustafa filed a motion for summary judgment, and on July 24, 2019, the trial court granted the motion and dismissed all claims

Prior to reaching the merits of the appeal, we address the threshold question of jurisdiction. "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." ***Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa.Super. 2009).

Relevantly:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Bailey v. RAS Auto Body, Inc.***, 85 A.3d 1064, 1067-68 (Pa.Super. 2014) (quotation omitted).

Pennsylvania Rule of Appellate Procedure 341 relevantly provides the following:

> **(a) General rule.**--Except as prescribed in paragraphs (d) and (e) of this rule,[7] an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b) Definition of final order.**--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) (Rescinded).
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.

---

against Moustafa with prejudice. On appeal, Appellant asserts he and Moustafa have reached a settlement, and, therefore, any issues with regard to Moustafa have been rendered moot. **See** Appellant's Brief at 1. Further, Appellant has presented no claims on appeal with regard to the discontinuance of Jennings from this action.

[7] Paragraph (d), pertaining to appeals from the Superior and Commonwealth Courts, and paragraph (e), pertaining to Commonwealth appeals from orders in criminal matters, are not applicable to the instant case.

**(c) Determination of finality.**--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, ***the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.*** Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) An application for a determination of finality under paragraph (c) must be filed within 30 days of entry of the order. During the time an application for a determination of finality is pending, the action is stayed.

(2) Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

(3) A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). Any denial of such an application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.

*** * ***

Pa.R.A.P. 341(a), (b), (c) (emphasis in text added) (footnote added).

In the case *sub judice*, Thacker filed a complaint joining Christopher Simon as an additional defendant. There is no indication that the claims against Simon have been fully resolved or that he has been dismissed from the instant matter. Accordingly, the instant appeal is not from a final order under Pa.R.A.P. 341(b)(1) in that the orders at issue do not dispose of all claims and of all parties.

Next, we must determine whether our jurisdiction has been properly invoked under Pa.R.A.P. 341(c). We may review the merits of a trial court's decision to certify an order under Rule 341(c) *sua sponte*. **See F.D.P. v. Ferrara**, 804 A.2d 1221, 1228 n.6 (Pa.Super. 2002). A certification of finality pursuant to Rule 341 should only be made in the most extraordinary of circumstances. **See Liberty State Bank v. Northeastern Bank of Pennsylvania**, 683 A.2d 889, 890 (Pa.Super. 1996).

"Subdivision (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case." **Bailey**, 85 A.3d at 1068. Factors to be considered by the trial court under Subdivision (c) include, but are not limited to, the following:

> (1) whether there is a significant relationship between adjudicated and unadjudicated claims;
>
> (2) whether there is a possibility that an appeal would be mooted by further developments;
>
> (3) whether there is a possibility that the court or administrative agency will consider issues a second time; [and]
>
> (4) whether an immediate appeal will enhance the prospects of settlement.

Pa.R.A.P. 341, Note.

"Trial courts must consider all four factors when making a determination of finality. After considering at least these four factors, trial courts must then make an express determination that an immediate appeal will facilitate resolution of the entire case." **Bailey**, 85 A.3d at 1069 (citations omitted).

- 12 -

"[A]bsent more, [t]he mere fact that some of the parties have been dismissed from a case, or that some of the counts of a multi-count complaint have been dismissed is insufficient reason to classify an order as final." ***Id.*** (quotation marks and quotation omitted).

In the case *sub judice*, on February 3, 2019, Appellant filed a motion to make absolute the rule discontinuing Jennings from this matter. Additionally, in this same motion, Appellant requested the trial court certify its order making the rule absolute, as well as the prior summary judgment orders, appealable as final orders pursuant to Pa.R.A.P. 341(c).

In seeking a certification of finality under Rule 341(c), Appellant asserted that "by granting Plaintiff's Motion [the trial] court will discontinue this action as to Defendant, Sherwin Jennings, which will in turn and simultaneously render a final adjudication as to all parties, since [the trial] court—vis-à-vis the Summary Judgment Orders—has previously granted summary judgment in favor of all the other defendants." Appellant's Motion to Make Rule Absolute and Determination of Finality, filed 2/3/20, at 3 ¶ 13. Notably, Appellant failed to recognize that additional defendant Simon has not been dismissed from the lawsuit and the claims against him have not been fully resolved. Further, Appellant did not ask the trial court to make an express determination that an immediate appeal would facilitate resolution of the entire case.

Consequently, in granting Appellant's request for a determination of finality under Pa.R.A.P. 341(c), the trial court summarily indicated the summary judgment orders and the rule absolute discontinuing the case as to Jennings "are hereby designated and certified as final pursuant to Pa.R.A.P. 341(c)."[8]  Trial Court Order, filed 2/12/20.  Importantly, the trial court made no "express determination that an immediate appeal would facilitate resolution of the entire case[,]" and there is no indication the trial court considered any of the four factors set out in Rule 341's Note pertaining to the making of such a determination.  **See** Pa.R.A.P. 341(c).

Accordingly, absent the trial court making "an express determination that an immediate appeal would facilitate resolution of the entire case[,]" we conclude this Court's jurisdiction has not been properly invoked under Rule 341(c).  **See Bailey**, 85 A.3d at 1070 (declining to find an order final under Subsection 341(c) where claims remained pending, the trial court failed to consider any of the four factors associated with Rule 341(c) certification, and the trial court merely declared that certifying the order as final would "facilitate resolution of this case" as opposed to declaring certification would "facilitate resolution of the **entire** case") (emphasis in original)); **Robert H.**

---

[8] The reason for the trial court's certification of its orders as final under Pa.R.A.P. 341(c) is not clear from the record.

***McKinney, Jr., Assocs., Inc. v. Albright***, 632 A.2d 937, 939 (Pa.Super. 1993) (declining to find an order final pursuant to Pa .R.A.P. 341(c) where the trial court did not make "an express determination that an immediate appeal would facilitate resolution of the entire case").

In light of the aforementioned, we conclude the orders at issue are interlocutory and not appealable at this juncture.[9] Accordingly, we quash the instant appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/20

---

[9] Appellant has not contended he is appealing an interlocutory order as of right (Pa.R.A.P. 311), an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)), or a collateral order (Pa.R.A.P. 313). ***Bailey***, ***supra***.