**Ward BAILEY, Individually and t/d/b/a Springs Body Shop Supplies, Appellant**

v.

**RAS AUTO BODY, INC., A Pennsylvania Corporation, David Ras, Individually, Superior Auto Supply, Inc., A Pennsylvania Corporation, a/k/a Superior Auto Supply, Inc., A Pennsylvania Corporation, Trading as Napa Auto Parts, James Beach, Individually, The Sherwin–Williams Company, An Ohio Corporation, t/d/b/a Martin–Senour Company, and Roger Mueller, Appellees.**

Superior Court of Pennsylvania.

Argued May 7, 2013.
Filed Feb. 10, 2014.

Jeffrey K. Millin, Conneaut Lake, for appellant.

Joseph J. Bosick, Jr., Pittsburgh, for Mueller and Sherwin–Williams, appellees.

BEFORE: BENDER, J., GANTMAN, J., and OLSON, J.

OPINION BY GANTMAN, J.:

Appellant, Ward Bailey, individually and t/d/b/a Springs Body Shop Supplies, appeals two interlocutory orders, *via* an order granting certification under Pa.R.A.P. 341(c), entered in the Erie County Court of Common Pleas. For the following reasons, we quash this appeal.

As the genesis of this appeal is two interlocutory pre-trial orders, the trial court has not yet made factual findings or

legal conclusions with regard to many of Appellant's substantive allegations. Therefore, our statement of the relevant facts is for background purposes only and does not foreclose formal findings in due course. As alleged by Appellant, he is the operator of a body shop supply service. A large part of his business derives from exclusive supply and/or reimbursement agreements. Relevant to the current proceedings, Appellant averred that he and Sherwin–Williams Automotive Finishes Corporation are parties to an exclusive agreement. In May 2005, Appellee RAS Auto Body, Inc. ("RAS") entered into an exclusive supply agreement with Sherwin–Williams Automotive Finishes Corporation, commencing later that year. The exclusive supply agreement required RAS to use Sherwin–Williams brand of automotive paints and supplies manufactured and distributed by Sherwin–Williams, and to purchase those paints and supplies from Appellant. Sherwin–Williams Automotive Finishes Corporation issued a $60,000.00 advance to RAS. In connection with this advance, Appellant entered into a reimbursement agreement with Sherwin–Williams Automotive Finishes Corporation, in which Appellant allegedly was the named beneficiary of RAS's purchasing obligations.

Appellant avers that later Appellees RAS, James Beach, Superior Auto Supply trading as NAPA Auto Parts, Roger Mueller, and the Sherwin–Williams Company t/d/b/a Martin–Senour Company, engaged in a conspiracy to violate the agreements by selling and buying automotive paints and products outside of Appellant's exclusive arrangement.

In March 2011, Appellant filed a *praecipe* for writ of summons, a complaint in August 2011, and a first amended com-

plaint in October 2011. In his first amended complaint, Appellant alleged three counts: Count I for breach of contract against RAS, Count II for interference with contractual relations against RAS, David Ras, Superior Auto Supply, Inc., Superior Auto Supply Inc. trading as NAPA Auto Parts, James Beach, Jeffrey Pasquale,[1] the Martin–Senour Company, and Roger Mueller, and Count III for fraud and misrepresentation against all defendants. Appellees Roger Mueller and Sherwin–Williams Company t/d/b/a Martin–Senour Company filed preliminary objections.

On February 14, 2012, the trial court sustained those preliminary objections in part. Specifically, the court sustained the objections with respect to Count II as against the Sherwin–Williams Company t/d/b/a Martin–Senour Company and Roger Mueller, for intentional interference with contractual relations, and Count III as against all defendants, which alleged fraud and misrepresentation, and ordered Appellant to file within fifteen days a more definite pleading with respect to Count III. Appellant filed a second amended complaint, to which Sherwin–Williams Company t/d/b/a Martin–Senour Company and Roger Mueller filed new preliminary objections. By order entered July 17, 2012, the trial court ultimately dismissed Count III of Appellant's second amended complaint as to Sherwin–Williams Company t/d/b/a Martin–Senour Company and Roger Mueller, due to Appellant's failure to file a responsive brief to new preliminary objections, as required under Erie County's local rules of civil procedure, Erie L.R. 1028(c)(2) (requiring, in context of preliminary objections, non-moving party to file responding brief within thirty days of receipt of objecting party's brief; "The non-

---

1. By stipulation of the parties, entered on December 15, 2011, all claims against Jeffrey Pasquale were discontinued.

moving party shall forward a copy of the brief to the assigned judge. This deadline does not affect the filing deadlines otherwise imposed upon the non-moving party by the Pennsylvania Rules of Civil Procedure").

On August 6, 2012, Appellant filed a notice of appeal following the July 17th order dismissing Count III of Appellant's second amended complaint as to Sherwin–Williams Company t/d/b/a Martin–Senour Company and Roger Mueller. On August 24, 2012, Sherwin–Williams Company t/d/b/a Martin–Senour Company and Roger Mueller filed a motion to quash the appeal. By *per curiam* order issued on September 13, 2012, this Court quashed the appeal as interlocutory and unappealable, without prejudice to Appellant to seek certification under Pa.R.A.P. 341(c) *nunc pro tunc* in the trial court.

By motion dated September 20, 2012, Appellant purportedly sought Rule 341(c) certification of finality in the trial court. The trial court granted Rule 341(c) certification on November 7, 2012, reasoning as follows:

> The [c]ourt's previous orders of February 14, 2012 and July 17, 2012, created the exceptional circumstance of effectively dismissing defendant Roger Mueller from this case. In order to facilitate resolution of this case, the [c]ourt finds that the February 14, 2012 and July 17, 2012 orders of [c]ourt are final orders and that the [Appellant] be permitted to proceed with an immediate appeal.

(Order, 11/7/12, at 1).[2]

Appellant filed a notice of appeal on November 16, 2012. The trial court did not order a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SUSTAINING PRELIMINARY OBJECTIONS IN THE NATURE OF A DEMURRER WHERE THE COURT CONSIDERED AND RELIED UPON MATTERS OUTSIDE THE RECORD, INCLUDING A LETTER FROM APPELLEES' COUNSEL, PURPORTEDLY IDENTIFYING THE RELATIONSHIP BETWEEN VARIOUS PARTIES, THUS SANCTIONING A "SPEAKING DEMURRER"?
>
> WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SUSTAINING PRELIMINARY OBJECTIONS IN THE NATURE OF A DEMURRER FOR FAILURE OF THE APPELLANT/PLAINTIFF TO FILE A RESPONDING BRIEF IN ACCORDANCE WITH THE LOCAL RULES, CONTRARY TO PRIOR DECISIONS OF THIS COURT AND PENNSYLVANIA RULE OF CIVIL PROCEDURE 239(F)?

(Appellant's Brief at 4).

■■■■ As a general rule:

"The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Estate of*

---

**2.** Neither Appellant's motion nor his supporting memorandum of law is included in the certified record or appear as filed on the trial court docket. Although a copy of the motion is in the reproduced record, that copy lacks a filing stamp and any other *indicia* of formal filing in the trial court. Nevertheless, the trial court scheduled argument on the motion and the responsive pleadings, and eventually granted the motion. There is no issue raised with respect to the actual filing or the content of the Rule 341(c) application and supporting memorandum of law. We address this lapse later in our disposition.

*Considine v. Wachovia Bank,* 966 A.2d 1148, 1151 (Pa.Super.2009). "[T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable." *Id.* Pennsylvania law makes clear:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa. R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

> *Stahl v. Redcay,* 897 A.2d 478, 485 (Pa.Super.2006), *appeal denied,* 591 Pa. 704, 918 A.2d 747 (2007).

*In re Estate of Cella,* 12 A.3d 374, 377–78 (Pa.Super.2010) (some internal citations omitted).[3] Pennsylvania Rule of Appellate Procedure 341 defines "final orders" and states, in pertinent part:

**Rule 341. Final Orders; Generally**

**(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

**(b) Definition of final order.** A final order is any order that:

> (1) disposes of all claims and of all parties; or

> (2) is expressly defined as a final order by statute; or

> (3) is entered as a final order pursuant to subdivision (c) of this rule.

**(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other govern-mental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

> (1) The trial court ... is required to act on an application for a determination of finality under subdivision (c) within 30 days of entry of the order. During the time an application for a determination of finality is pending the action is stayed.

> \*    \*    \*

> (3) Unless the trial court ... acts on the application within 30 days of entry of the order, the trial court or other governmental unit shall no longer consider the application and it shall be deemed denied.

> \*    \*    \*

Pa.R.A.P. 341. The Official Note to Rule 341 states, in pertinent part:

> Subdivision (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Factors to be considered under Subdivision (c) include, but are not limited to:

> > (1) whether there is a significant relationship between adjudicated and unadjudicated claims;

---

**3.** Also, Rule of Appellate Procedure 342 includes appealable Orphans' Court orders.

That rule is not relevant to the present appeal.

(2) whether there is a possibility that an appeal would be mooted by further developments;

(3) whether there is a possibility that the court or administrative agency will consider issues a second time;

(4) whether an immediate appeal will enhance prospects of settlement.

*Id.* Trial courts must consider all four factors when making a determination of finality. *See Pullman Power Products of Canada Ltd. v. Basic Engineers, Inc.,* 713 A.2d 1169, 1173–74 (Pa.Super.1998). After considering at least these four factors, trial courts must then make an express determination that an immediate appeal will facilitate resolution of the entire case. *Id.*

> A determination that an immediate appeal of a nonfinal order is appropriate should be made only in the most extraordinary circumstances because such action would frustrate the purpose of the amendments to the Rule. The revisions to the Rule were designed to eliminate the confusion created by the prior case law and to prevent piecemeal appeals which necessarily result in delay.... While the comment to Rule 341 suggests areas where certification may be appropriate, courts are cautioned to refuse to classify orders as final except where the failure to do so would result in an injustice which a later appeal cannot correct.

*Robert H. McKinney, Jr., Associates, Inc. v. Albright,* 429 Pa.Super. 440, 632 A.2d 937, 939 (1993). Thus, absent more, "[T]he mere fact that some of the parties have been dismissed from a case, or that some of the counts of a multi-count complaint have been dismissed is insufficient reason to classify an order as final." *Id.*

Instantly, Appellant seeks review of the trial court's February 14, 2012 order, regarding the dismissal of Count II as against Sherwin–Williams Company t/d/b/a Martin–Senour Company and Roger Mueller, for intentional interference with contractual relations. With respect to that order, Appellant did not apply for Rule 341(c) certification and the trial court did not designate the order as final, within thirty days of entry of that order. *See* Pa.R.A.P. 341(c)(1). Additionally, Appellant seeks review of the trial court's July 17, 2012 order, regarding the dismissal of Count III of the second amended complaint as against Sherwin–Williams Company t/d/b/a Martin–Senour Company and Roger Mueller for fraud and misrepresentation. Again, Appellant did not apply for Rule 341(c) certification and the trial court did not designate the order as final within thirty days of entry of that order. *See id.* Instead, Appellant filed only a simple notice of appeal to this Court following the July 17, 2012 order. By order filed September 13, 2012, this Court quashed Appellant's appeal as interlocutory and unreviewable and denied Appellant's request for remand to file a Rule 341(c) application, but without prejudice to Appellant to file a Rule 341(c) application *nunc pro tunc* in the trial court.

Appellant ostensibly filed his Rule 341(c) application *nunc pro tunc* in the trial court on or about September 20, 2012, but that motion does not appear in either the trial court docket or the certified record. Additionally, the trial court did not act on Appellant's presumed application within thirty days, per Rule 341(c)(1). The proper operation of Rule 341(c)(3) called for Appellant's application to be denied by operation of law on Monday, October 15, 2012. *See* Pa.R.A.P. 341(c)(3) (stating: "Unless the trial court or other governmental unit acts on the application within 30 days of entry of the order, the trial court or other governmental unit shall no longer consider the application and it shall be deemed denied"). Nevertheless, fifty-five days after the entry of this Court's

permissive order, and forty-eight days after Appellant's application was purportedly filed, the trial court granted the application on November 7, 2012, and certified the two orders as final.

In addition to the procedural missteps which plague the propriety of this appeal, including the expiration of the time period for the trial court to certify its orders as final, Appellees Sherwin–Williams Company t/d/b/a Martin–Senour Company and Roger Mueller again challenge the appealability of the orders, claiming the certification frustrates the purpose of the amendments to Rule 341(c), which were intended to prevent the taking of piecemeal appeals from the dismissal of some but not all of the parties or claims. Appellees observe the record fails to indicate whether the trial court considered any of the four factors associated with Rule 341(c) certification reiterated in *Pullman Power Products of Canada, Ltd., supra.* Appellees contrast the present case with those cases involving openly "extraordinary circumstances," which would facilitate resolution of the entire case, such as the obvious expiration of the statute of limitations or lack of jurisdiction. Appellees conclude that proper application of Rule 341(c) requires this Court to quash the current appeal.

■ In evaluating Appellees' contentions, we direct our attention to the adequacy of the November 7, 2012 order, which certified the earlier orders as final. In the November 7th order, the trial court summarily concluded that the "effective dismissal" of Roger Mueller created an "exceptional circumstance." Additionally, the court found that the February 14, 2012 and July 17, 2012 orders were final orders, "to facilitate resolution of this case." On its own, the dismissal of less than all parties is classically an insufficient reason to certify an order as final. *See Robert H.*

*McKinney, Jr., Associates, Inc., supra.* Without more, the trial court erred in abruptly concluding that the effective dismissal of a single party was an exceptional circumstance warranting immediate appellate review.

■ Here, the trial court failed to consider any of the four factors associated with Rule 341(c) certification. The trial court merely declared that certifying these orders as final would "facilitate resolution of this case." Even that conclusion is deficient to support certification, because proper certification requires the conclusion that an immediate appeal would "facilitate resolution of the **entire** case." *See* Pa.R.A.P. 341(c) (emphasis added). To be sure, the standard to obtain appellate review of an otherwise unappealable interlocutory order is not mere "facilitate resolution," as that is the objective of all interlocutory orders. The orders offered for review in the present case involve dismissal of fewer than all the parties or claims, and nothing on the face of this record indicates the kind of extraordinary circumstances meriting immediate appellate review of these orders. Given the enumerated procedural and substantive deficiencies in this case, we hold that the best resolution of the appeal is to quash it as interlocutory and unappealable at this juncture.

Appeal quashed.