J-A10025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ROBERT ROMANO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ROBERT ROMANO | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 934 EDA 2017 |

Appeal from the Order February 27, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-MD-0001439-2016

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JUNE 25, 2018**

Robert Romano appeals from the order denying his "[m]otion for expungement." Order, entered Feb. 27, 2017, at 1. The trial court denied Romano's request for expungement under 18 Pa.C.S.A. § 6111.1(g) on statute of limitations grounds, but did not address Romano's request for relief under 18 Pa.C.S.A. § 6105(f). Because the order appealed from did not dispose of all claims, we quash this appeal.

Pennsylvania law prohibits a person who was involuntarily committed pursuant to Section 302 of the Mental Health Procedures Act[1] "from possessing, using, controlling, selling, transferring, manufacturing or obtaining a license to possess a firearm" ("firearms prohibition"). ***In re***

_____

*   Retired Senior Judge assigned to the Superior Court.

[1] 50 P.S. § 7302.

*Vencil*, 152 A.3d 235, 238 (Pa. 2017); 18 Pa.C.S.A. § 6105(c)(4). A person who was involuntarily committed under Section 302 may petition the Court of Common Pleas to review the sufficiency of the evidence supporting the commitment. If the court concludes that the evidence is insufficient, the court must "order that the record of the commitment submitted to the Pennsylvania State Police be expunged." 18 Pa.C.S.A. § 6111.1(g)(2). In addition, a person committed to a mental institution under Section 302 may request relief from the firearms prohibition under Section 6105(f)(1) and the Court of Common Pleas "may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person." 18 Pa.C.S.A. § 6105(f)(1).

In March 2016, Romano filed a petition seeking expungement under Section 6111.1(g)(2), stating he was involuntarily committed under Section 302 in February 2008 and September 2009. The petition also sought relief under Section 6105(f)(1), stating that he "does not and will not present a risk to [himself] or any other person."[2] Petition to Vacate and Expunge and for Relief From Disability under 18 Pa.C.S. § 6105(F) and 18 Pa.C.S. § 6111.1(G) and 50 P.S. § 7101, *Et Seq.*, filed Mar. 16, 2016, at ¶¶ 2-3. The court below held a hearing that both a Deputy Pennsylvania Attorney General, on behalf of the Pennsylvania State Police, and a Philadelphia County Assistant District Attorney attended. The State Police argued that the six-year "catchall" statute

---

[2] *See also* Appellant's Br. at 10.

of limitations for civil actions and proceedings applied to Romano's petition for expungement. N.T., 2/27/17, at 8; **see** 42 Pa.C.S.A. § 5527(b). Romano stated that whether the six-year statute of limitations applied was a dispositive issue. **Id.** at 12.

The parties then agreed to seek appellate review of the statute of limitations issue, and the court asked each for a proposed order. **Id.** at 12-13. Both parties limited their request for relief to the expungement request; neither party suggested an order addressing the alternate request for relief under Section 6105(f)(1). Romano argued that the court should expunge the records of the 2008 commitment, and hold that the statute of limitations did not apply to the 2009 commitment. **Id.** at 13-14. The State Police asked the court to deny the petition for expungement because Romano filed it outside of the applicable statute of limitations. **Id.** at 14. Further, the State Police informed the court, and the court agreed, that "that's the only thing before the Court." **Id.** at 14-15.

The court entered an order denying the "[m]otion for expungement," as time-barred under the statute of limitations. Order, entered Feb. 27, 2017, at 1. The order did not address the request for relief under Section 6105(f)(1). Romano filed this appeal.

The court issued a Pennsylvania Rule of Appellate Procedure 1925(a) Opinion in which it concluded that Romano's request for expungement under Section 6111(g)(2) was barred by the statute of limitations. In the opinion,

the court did not address Romano's request for relief from the firearms prohibition under Section 6105(f)(1).

Romano asserts five issues on appeal:

1. Did the Trial Court err in granting the motion to dismiss the Petition under 18 Pa.C.S. § 6105(f)(1) and 18 Pa. C.S. § 6111(g)(2) for expungement of or relief from a firearms disability where the automatic firearms disability pursuant to 18 Pa. C.S. [§] 6105(c)(4) arising from Romano's involuntarily commitment for inpatient mental health care and treatment under 50 P.S. § 7302 of the Mental Health Procedures Act ("the MHPA") for periods not to exceed 120 hours was in violation of his constitutional right to due process and of his Second Amendment and state constitutional right to bear arms?

2. Did the Trial Court err in granting the motion to dismiss where Romano's involuntary commitments pursuant to 50 P.S. § 7302 and his Petition under 18 Pa. C.S. § 6105(f)(1) and 18 Pa. C.S. § 6111(g)(2) for the expungement of the record and for relief from the firearms disability were quasi-criminal proceedings, so his Petition was not subject to a "civil action" statute of limitations?

3. Did the Trial Court err in granting the motion to dismiss Romano's Petition for expungement of or relief from a firearms disability where his right to bring a petition for such relief pursuant to 18 Pa. C.S. § 6105(f)(1) could have accrued only upon his sufficient recovery to mental health, but the Trial Court did not ascertain that date and instead held the limitations period began to run from the date of the [Romano's] 2009 involuntary commitment?

4. Did the Trial Court err in granting the motion to dismiss Romano's Petition for expungement of or relief from a firearms disability where calculating the applicable limitations period based on an inchoate right of action under 18 Pa. C.S. § 6105(f)(1) accruing from the date of Romano's 2009 commitment, rather than calculating it based on a choate right of action accruing upon his sufficient recovery to mental health, was a violation of his constitutional right

to due process and of his Second Amendment and state constitutional rights to bear arms?

5.   Did the Trial Court err in granting the motion to dismiss Romano's Petition for review and to vacate and expunge the 2008 and 2009 mental health commitments as violating the procedural and due process provisions of the MHPA provisions as time barred without consideration of the discovery rule exception to the catch-all six-year statute of limitations in 42 Pa. C.S. § 5527(b)?

Appellant's Br. at 3-6.

We are unable to reach the merits of Romano's claims because the appeal is not properly before us. The appealability of an order implicates this Court's jurisdiction and we may "inquire at any time, *sua sponte*, whether an order is appealable." **Bailey v. RAS Auto Body, Inc.**, 85 A.3d 1064, 1067-68 (Pa.Super. 2014) (quoting **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa.Super. 2009)). "[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." **Id.** (quoting **In re Estate of Cella**, 12 A.3d 374, 377–78 (Pa.Super.2010)) (alteration in original, citation omitted). Here, there is no indication or suggestion that this is an appealable interlocutory or collateral order. Therefore, if appealable, it would be appealable as a final order under Pennsylvania Rule of Appellate Procedure 341.

Rule 341(a) provides that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). A final order is "any order that (1) disposes of all clams and of all parties; or . . . (3) is

entered as a final order pursuant to paragraph (c) of this rule." *Id.* at 341(b).

Rule 341(c) provides:

> When more than one claim for relief is presented in an action, . . . the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c). The Official Note to Rule 341 states, in relevant part:

> Subdivision (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Factors to be considered under Subdivision (c) include, but are not limited to:
>
> > (1) whether there is a significant relationship between adjudicated and unadjudicated claims;
> >
> > (2) whether there is a possibility that an appeal would be mooted by further developments;
> >
> > (3) whether there is a possibility that the court or administrative agency will consider issues a second time;
> >
> > (4) whether an immediate appeal will enhance prospects of settlement.

Pa.R.A.P. 341, at Official Note; *see Bailey*, 85 A.3d at 1068-69. A court "must consider all four factors when making a determination of finality." *Bailey*, 85 A.3d at 1069.

Here, the order disposed of only one claim—the expungement claim, which sought relief under Section 6111.1(g). The order did not address whether Romano was entitled to relief from the firearms prohibition pursuant to Section 6105(f). Further, although the parties and the court may have intended to make the order a final order, the court did not consider the required factors for a finding of finality, and no express determination that an immediate appeal would facilitate resolution of the entire case appears in the record. Rather, the court was informed, and agreed, that the applicability of the statute of limitations to the expungement request was "the only thing before the Court." N.T., 2/27/17, at 14-15.

Therefore, because the order did not dispose of all claims and the court did not make a determination of finality, the order is not a final order and we may not review it. Accordingly, we quash the appeal, and remand this case for further proceedings.

Appeal quashed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

- 7 -