J-A28024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: A.V. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.V. | |
| | No. 212 EDA 2019 |

Appeal from the Order Entered December 19, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No.: CV-2018-003006

BEFORE: STABILE, DUBOW, JJ., and COLINS, J.*

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 10, 2020**

Appellant A.V. appeals from the December 19, 2018 order of the Court of Common Pleas of Delaware County ("trial court"), which denied his petition for expungement of records relating to his involuntary commitment under Section 7302 of the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7302 ("Section 302"). Upon review, we quash and remand for further proceedings.

The facts and procedural history of this case are undisputed. On April 15, 2008, when Appellant was a fifteen-year-old high school student, he was involuntarily committed to 120 hours of inpatient treatment under Section 302. On July 1, 2017, following a Pennsylvania Instant Checks System ("PICS") background check, Appellant was denied the ability to purchase a .9 mm handgun under Section 6105 of the Pennsylvania Uniform Firearms Act of

_____

* Retired Senior Judge assigned to the Superior Court.

1995 ("UFA"), 18 Pa.C.S.A. § 6105.  Section 6105, relating to persons not to possess, use, manufacture, control, sell or transfer firearms provides in pertinent part:

> **(a) Offense defined.--**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
>
> . . . .
>
> **(c) Other persons.--**In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):
>
> . . . .
>
> (4) A person who has been adjudicated as an incompetent or who has been involuntarily committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143)   [(50 P.S. §§ 7302 to 7304)], known as the [MHPA].  This paragraph shall not apply to any proceeding under section 302 of the Mental Health Procedures Act unless the examining physician has issued a certification that inpatient care was necessary or that the person was committable.

18 Pa.C.S.A. § 6105(a) and (c)(4) (footnote omitted).

On July 13, 2017, Appellant requested from Crozer Keystone Health Systems ("Crozer") his medical records relating to the April 2008 Section 302 commitment.  On July 19, 2017, Crozer responded, informing Appellant that "[t]hese records are no longer available as the statute of limitations has been

reached per PA Department of Health 28 PA Code Section 115.23."[1]  Crozer Letter, 7/19/17.

On April 20, 2018, following the exhaustion of administrative proceedings, Appellant petitioned the trial court for expungement of his mental health records under Sections 6111.1(g)(2) and, in the alternative, 6105(f)(1) of the UFA, 18 Pa.C.S.A. §§ 6111.1(g)(2) and 6105(f)(1).

Section 6111.1(g)(2) provides:

A person who is involuntarily committed pursuant to section 302 of the [MHPA] may petition the court to review the sufficiency of the evidence **upon which the commitment was based**.  If the court determines that the evidence upon which the involuntary commitment was based was insufficient, **the court shall order that the record of the commitment submitted to the**

---

[1] Section 115.23, relating to preservation of medical records, provides in relevant part:

(a) Medical records, whether original, reproductions or microfilm, **shall be kept on file for a minimum of 7 years** following the discharge of a patient.

(b) If the patient is a minor, records **shall be kept on file until his majority, and then for 7 years** or as long as the records of adult patients are maintained.

28 Pa. Code § 115.23(a) and (b) (emphasis added).  The plain language of Section 115.23 reveals: (1) when a patient is an adult, his or her medical records are required to be retained for a minimum of 7 years; (2) when a patient is a minor, his or her medical records are required to be retained until he or she reaches the age of majority and thereafter for a minimum of 7 years consistent with subsection (a).  Here, the evidence of record reveals that Appellant, who was born on January 23, 1993, was a minor—fifteen years old—when he was committed involuntarily in 2008.  As a result, under Section 115.23(b), Crozer was required to keep his medical records until he turned 25 years old, *i.e.*, until January 23, 2018.  Troublingly, Crozer failed to do so.

***Pennsylvania State Police be expunged***.[2]   A petition filed under this subsection shall toll the 60-day period set forth under section 6105(a)(2).

18 Pa.C.S.A. § 6111.1(g)(2) (footnote omitted) (emphasis added).  Section 6105(f)(1) provides:

Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person.

18 Pa.C.S.A. § 6105(f)(2).

The trial court conducted multi-day hearings, following which it concluded only that Appellant was not entitled to relief under Section 6111.1(g)(2).  The trial court reasoned:

[Appellant] failed to present any witnesses (other than himself) in support of the instant petition.  [Appellant] did testify that in April 2008, as a fifteen year old, he informed a teacher at Penncrest High School and physicians at [Crozer] in Upland, Pennsylvania [that] he threatened to intentionally injure both himself and his mother.  As a result of these threats, [Appellant] was involuntarily committed on April 15, 2008.  [Appellant] failed to present this [c]ourt with any medical records surrounding his April 15, 2008 commitment.  [Appellant failed to present or subpoena any records from the physician certifying necessity of involuntary commitment – Dr. Piechota.  Based upon the evidentiary admission made by [Appellant] during his testimony, this [c]ourt determined the certifying physician, Dr. Piechota, did have sufficient evidence to support the decision to involuntarily commit [Appellant] in April 2008.

---

[2] Whenever an individual is involuntarily committed under Section 302, a judge on the courts of common pleas, a mental health review officer, or a county mental health administrator must notify the PSP within seven days of the individual's commitment.  ***See*** 50 P.S. § 7109(d).

Trial Court Opinion, 11/21/19 at 4-5 (unnecessary capitalizations and citations omitted).[3]   Appellant timely appealed.   Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal,[4] Appellant presents three issues for our view.

> [I.] Did the reviewing court commit reversible error when he denied [Appellant's] petition for expunction, where there was no contemporaneously-created record of [Appellant's] commitment presented by the PSP in response to [Appellant's] verified petition and testimony at the evidentiary hearing?
>
> [II.]. Did the reviewing court commit reversible error by finding [Appellant] had failed to present the reviewing court with medical records, and to call witnesses, regarding [Appellant's] involuntary commitment on April 15, 2008, as a basis for denying [Appellant's] verified petition for expunction?
>
> [III.] Did the reviewing court commit reversible error by denying [Appellant's] petition for expunction, where PSP did not produce a contemporaneously-created record of examination or findings by the committing physician that showed [Appellant] had posed a clear and present danger of harm to himself or others?

Appellant's Brief at 4.

---

[3] As the Commonwealth notes, the trial court neglected to rule upon its statute of limitations argument based on Section 5527 of the Judicial Code, 42 Pa.C.S.A. § 5527 ("Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.").

[4] It is settled that we review the trial court's denial of a motion for expunction for an abuse of its discretion.  **Commonwealth v. Smerconish**, 112 A.3d 1260, 1263 (Pa. Super. 2015) (citations omitted).  However, questions of evidentiary sufficiency "present pure questions of law, over which our standard of review is de novo and our scope of review is plenary."  **In re Vencil**, 152 A.3d 235, 241 (Pa. 2017).  A petitioner seeking expungement bears the burden of proving that "there was not sufficient evidence" to support the commitment.  **Id.** at 245.

Instantly, we are unable to reach the merits of Appellant's claims because the appeal is not properly before us. The appealability of an order implicates this Court's jurisdiction and we may "inquire at any time, *sua sponte*, whether an order is appealable." ***Bailey v. RAS Auto Body, Inc.***, 85 A.3d 1064, 1067-68 (Pa. Super. 2014) (citation omitted); *see **LeFlar v. Gulf Creek Indus. Park No. 2***, 515 A.2d 875, 879 (Pa. 1986) (noting a court may raise the issue of subject matter jurisdiction at any time). It is well-settled that "[u]nder Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from any interlocutory order by permission (Pa.R.A.P. 31[2], [Pa.R.A.P.] 1311, 42 Pa.C.S.A. § 702(b))." ***Cont'l Bank v. Andrew Bldg. Co.***, 648 A.2d 551, 553 (Pa. Super. 1994). Here, there is no indication or suggestion that this is an appealable interlocutory or collateral order. Therefore, if appealable, it would be appealable as a final order under Pennsylvania Rule of Appellate Procedure 341, which provides in relevant part that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). A final order is "any order that (1) disposes of all claims and of all parties; or . . . (3) is entered as a final order pursuant to paragraph (c) of this rule." Pa.R.A.P. 341(b). Rule 341(c) provides:

> When more than one claim for relief is presented in an action, . . . the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination

- 6 -

and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c). The Official Note to Rule 341 provides in relevant part:

Paragraph (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Factors to be considered under paragraph (c) include, but are not limited to:

(1) whether there is a significant relationship between adjudicated and unadjudicated claims;

(2) whether there is a possibility that an appeal would be mooted by further developments;

(3) whether there is a possibility that the court or administrative agency will consider issues a second time; and

(4) whether an immediate appeal will enhance prospects of settlement.

Pa.R.A.P. 341, Official Note. A court "must consider all four factors when making a determination of finality." *Bailey*, 85 A.3d at 1069 (citation omitted).

Here, the trial court's December 19, 2018 order disposed of only one claim—the expungement claim, which sought relief under Section 6111.1(g)(2). The order, however, did not address whether Appellant was entitled to relief from the firearms prohibition under to Section 6105(f)(1). Further, although the parties and the court may have intended to make the order a final order, the trial court did not consider the required factors for a finding of finality, and no express determination that an immediate appeal would facilitate resolution of the entire case appears in the record. Therefore, because the December 18, 2018 order did not dispose of all claims and the

trial court did not make a determination of finality, the order is not a final order and we may not review it. Accordingly, we quash this appeal, and remand this case for further proceedings consistent with this memorandum.

Appeal quashed. Case remanded. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/20