J. S34041/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VALLEY TRUCK CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARGARITA EXPRESS, LLC AND | : | |
| ANGEL E. PEREZ-REYNOSO, AND | : | |
| AUSTIN ENVIRONMENTAL, | : | |
| C/O MAINE TRAILER REGISTRATION | : | No. 2013 MDA 2019 |
| | : | |
| APPEAL OF:  AUSTIN ENVIRONMENTAL | : | |

Appeal from the Order Entered November 14, 2019,
in the Court of Common Pleas of Lackawanna County
Civil Division at No. 2018-CV-4494

BEFORE:  PANELLA, P.J., BENDER, P.J.E. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 15, 2020**

Austin Environmental appeals from the November 14, 2019 order granting appellee, Valley Truck Center, Inc.'s ("Valley Truck"), motion to amend the amount of the December 11, 2018 default judgment entered against appellant for unpaid towing and storage fees.[1]  For the following reasons, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On August 20, 2018, [Valley Truck] commenced this action against defendants, Margarita Express, LLC

---

[1] We note that appellant's notice of appeal also references the trial court's October 25, 2019 order denying appellant's "Petition to Strike and/or Open Default Judgment."

("Margarita"), Angel E. Perez-Reynoso ("Perez-Reynoso"), and [appellant] asserting claims for breach of implied contract and unjust enrichment. Valley Truck avers that Perez-Reynoso was the operator of a tractor owned by Margarita and a trailer owned by [appellant] that were involved in a single vehicle accident on Interstate Route 81 on June 15, 2018. It has alleged that the trailer overturned, causing its cargo to be strewn on the Interstate, and requiring the Pennsylvania State Police to contact Valley Truck to assist with the cleanup of the area of the Interstate by removing the rubbish from the Interstate, transporting the same in dumpsters to Keystone Sanitary Landfill, remov[ing] the vehicles (tractor and trailer) from the Interstate, and storing the same at its storage facility, awaiting further instruction from Margarita and [appellant].

Valley Truck claims that it contacted Margarita and [appellant] on numerous occasions to inquire as to what action should be taken with respect to their tractor, trailer, and property that remain[ed] stored at the facility of [Valley Truck] for an extended period of time, and that it also provided invoices to Margarita and [appellant] for the costs of cleanup, disposal, and storage of the vehicles and rubbish in the amount of $44,411.51. It submits that although demand has been made, no payment in full was received. Additionally, Valley Truck contends that storage costs continue to accrue at the rate of $200.00 per day ($100 tractor/$100 trailer) from June 17, 2018, until the property has been removed and/or this matter has been resolved. In its prayers for relief, it demands judgment in the amount of $56,411.51, as well as an additional $200.00 per day for storage fees together with reasonable attorney fees and any other relief that the Court deems reasonable.

[Appellant] was served with the Complaint by Deputy Sheriff Natalie George on August 24, 2018. Based upon [appellant's] failure to file a timely responsive pleading, Valley Truck forwarded a 10[-]day notice of its intent to enter a default judgment to [appellant] on November 21, 2018. In the absence of any reply,

Valley Truck filed a default judgment against [appellant] in the amount of $82,013.56 on December 11, 2018.

Although Margarita and Perez-Reynoso mounted a defense by filing pleadings and participating in this litigation, [appellant] declined to do so, and Valley Truck ultimately filed an amended Writ of Execution against [appellant] in the amount of $86,697.69 on July 18, 2019. Almost two months later, and more than nine months after the entry of the default judgment against it, [appellant] filed a petition on September 16, 2019, seeking to strike or open the default judgment. Valley Truck opposed that petition, and following the completion of oral argument on October 22, 2019, Judge Thomas J. Munley entered an Order on October 25, 2019, denying [appellant's] petition to strike or open the default judgment.

At least three business days prior to November 14, 2019, Valley Truck served [appellant] with its "Motion to Amend Judgment Amount." Valley Truck's motion memorializes the earlier filings in this litigation, including the entry of the default judgment in the amount of $82,013.56 and Judge Munley's ruling denying [appellant's] petition to strike or open that judgment. It asserts that additional storage charges accrued subsequent to the date of that default judgment and until the time that the tractor and trailer were eventually removed from Valley Truck's storage facility. Based upon the daily storage charges set forth in Valley Truck's complaint and attached exhibit, Valley Truck attested that the total amount due and owing was $109,911.51, and sought to modify the previously entered judgment against [appellant] to reflect the final amount of $109,911.51 plus costs and statutory interest.

Trial court opinion, 4/29/20 at 2-4 (citations, internal quotation marks, and some brackets omitted).

On November 14, 2019, the trial court entered an order granting Valley Truck's motion to amend the default judgment from $82,013.56 to $109,911.51 to reflect the additional storage fees that had accrued as of that date. On November 18, 2019, Valley Truck filed a ***praecipe*** for writ of execution in the judgment amount of $109,911.51, plus statutory interest, poundage, and fees, for the total sum of $116,938.84. Appellant filed a notice of appeal on December 10, 2019. Thereafter, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed its timely Rule 1925(b) statement on January 7, 2020, and the trial court filed its Rule 1925(a) opinion on April 29, 2020.

On February 13, 2020, this court directed appellant to show cause, within ten days, as to why its appeal from the November 14, 2019 order amending the default judgment should be quashed as interlocutory, given that claims against the other defendants remained pending. (***See per curiam*** order, 2/13/20.) On February 27, 2020, appellant filed an untimely response to the rule to show cause order, arguing that the November 14, 2019 order was immediately appealable as an order affecting a judgment. On March 18, 2020, the rule to show cause order was discharged, and the issue was referred to this panel.

Appellant raises the following issues for our review:

> 1. Whether the trial court erred in denying [appellant's] petition to strike and/or open

default judgment when proper service was not shown of the complaint upon [appellant] when [Valley Truck's] own complaint avers a different address than the address at which [appellant] was allegedly served; and when [appellant] provided undisputed evidence that the address at which service was allegedly completed was not the registered corporate office or principal place of business of [appellant?]

2. Whether the trial court erred in granting [Valley Truck's] motion to reassess damages without a hearing when the original amount of damages was determined to be for a sum certain, based upon [Valley Truck's] pleadings and calculations, at the time of entry of the default judgment by the Prothonotary and when: (a) [Valley Truck] submitted no documentation or evidence to support its claim for an additional damages award and for additional storage and cleanup costs; and (b) at the time of entry of judgment there was no request by [Valley Truck] for trial or hearing to determine damages as would be required under Pa.R.C.P. 1037, and when the damages are not apparent on the face of the complaint[?]

Appellant's brief at 4 (extraneous capitalization omitted).

Prior to consideration of the merits of appellant's claims, we must first determine whether the appeal is properly before us. It is well established that "[t]he appealability of an order directly implicates the jurisdiction of the court." **Bailey v. RAS Auto Body, Inc.**, 85 A.3d 1064, 1067 (Pa.Super. 2014) (citation and quotation marks omitted). Under Pennsylvania law,

an appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312,

1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*Commonwealth v. Tchirkow*, 160 A.3d 798, 803 (Pa.Super. 2017) (internal quotation marks and case citations and omitted). "A final order is one that disposes of all the parties and all the claims . . . or is entered as a final order pursuant to the trial court's determination." *Veloric v. Doe*, 123 A.3d 781, 784 (Pa.Super. 2015) (internal case citations and quotation marks omitted); *see also* Pa.R.A.P. 341(b). Rule 341(c) governs the determination of a final order and provides, in relevant part, as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order . . . .

Pa.R.A.P. 341(c).

Instantly, appellant has appealed from the trial court's November 14, 2019 order amending the default judgment entered against it on December 11, 2018. As noted, however, appellant's notice of appeal also references the trial court's October 25, 2019 order denying its petition to strike and/or open the default judgment.

Preliminarily, we note that to the extent appellant purports to appeal from the October 25, 2019 order denying appellant's "Petition to Strike and/or Open Default Judgment," the appeal is untimely on its face. It is well settled that a notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken," Pa.R.A.P. 903, and this court "may not enlarge the time for filing a notice of appeal." Pa.R.A.P. 105(b). Here, the trial court's order denying the petition to strike or open was entered on October 25, 2019, and thus, the period from which to timely appeal that order expired on November 25, 2019. *See* Pa.R.A.P. 903. Appellant did not file its notice of appeal in this matter until December 10, 2019, more than two weeks past the deadline.

Appellant contends that its appeal should be deemed timely because the trial court's November 14, 2019 order amending the default judgment amount was immediately appealable of right as an order affecting a judgment, pursuant to Rule 311(a)(1). *See* Pa.R.A.P. 311(a)(1) (providing for appeal as of right from an order refusing to open, vacate, or strike off a judgment); *see also* response to rule to show cause, 2/27/20 at ¶ 3.

Appellant is correct that an order denying a petition to strike and/or open a default judgment may constitute a final, appealable order. *See*, *e.g*., ***Keller v. Mey***, 67 A.3d 1, 4 n.5 (Pa.Super 2013). Nonetheless, the record reflects that appellant has failed to file an answer to Valley Truck's motion to amend the default judgment, nor did it raise any of the claims it now raises

on appeal during oral argument on the motion. Accordingly, to the extent appellant appeals from the November 14, 2019 order granting Valley Truck's motion to amend the amount of the December 11, 2018 default judgment, we agree with the trial court that the claims appellant raises for the first time in its Rule 1925(b) statement are waived. **See** Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); **see also** trial court opinion, 4/29/20 at 6.

Based on the foregoing, we affirm the trial court's November 14, 2019 order granting Valley Truck's motion to amend the amount of the December 11, 2018 default judgment entered against appellant.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2020