J-A06017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY W. MOCK AND TRACY A. MOCK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 905 WDA 2021 |
| ROBERT D. ADAMS AND KAREN J. ADAMS, RICHARD L. CAMPBELL, ESQUIRE, CAMPBELL, MILLER, WILLIAMS, BENSON, ETTER & CONSIGLIO, INC., F/K/A MILLER, KISTLER, CAMPBELL, MILLER, WILLIAMS & BENSON, INC. | : : : : : : : | |

Appeal from the Order Entered July 6, 2021
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  2011-00665

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.:            **FILED: FEBRUARY 24, 2022**

Timothy W. Mock and Tracy A. Mock ("the Mocks") appeal from the order granting partial summary judgment in favor of Robert D. Adams and Karen J. Adams ("the Adamses"), Richard L. Campbell, Esquire ("Campbell"), and Campbell, Miller, Williams, Benson, Etter & Consiglio, Inc., f/k/a Miller, Kistler, Campbell, Miller, Williams & Benson, Inc. ("law firm") (collectively "Appellees").  We quash the appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

Given this disposition, we briefly summarize the factual history of this appeal. The Mocks sold their business to the Adamses. The Adamses defaulted on promissory notes related to the sale, and the Mocks entered two confessed judgments against the Adamses. In 2007, the Mocks and the Adamses entered into an agreement for the Adamses to transfer the business back to the Mocks, and for the Mocks to mark the confessed judgments against the Adamses as satisfied.

The Mocks commenced the underlying action and claimed the Adamses breached the 2007 agreement by failing to pay certain tax debts owed by the business before the Mocks entered satisfactions of the confessed judgments. The Mocks also asserted claims of promissory estoppel and negligent misrepresentation against the Adamses' attorney, Campbell, and vicarious liability against Campbell's law firm.

The parties filed cross-motions for summary judgment, which the trial court denied. On November 9, 2020, the Adamses filed a motion for reconsideration of the denial of their summary judgment motion. On July 6, 2021, the trial court entered a partial summary judgment order which precluded the Mocks from seeking damages for the entire amounts of the confessed judgments. The order left intact the Mocks' claims concerning the tax debts.

On July 16, 2021, the Mocks filed an application for a determination of finality pursuant to Pa.R.A.P. 341(c), which the trial court granted on July 26, 2021. In its order, the trial court stated it was amending the July 6, 2021

order, upon a determination that it was "a final order for purposes of [the Mocks] being able to take an appeal pursuant to Pa.R.A.P. 341(c)." Order, 7/26/21.

We initially consider whether we have jurisdiction over this appeal. *See Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064, 1067-68 (Pa. Super. 2014) (noting that we may consider whether an order is appealable *sua sponte*). Generally, "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a).[1] A final order is "any order that (1) disposes of all claims and of all parties; or . . . (3) is entered as a final order pursuant to paragraph (c) of this rule." Pa.R.A.P. 341(b).

The Order in question, which granted partial summary judgment in favor of Appellees, is not a final order as it does not dispose of all claims or all parties. In fact, all claims and parties remain, and the order only dismissed a portion of the damages. Nevertheless, Rule 341(c) provides a mechanism by which a non-final order may become appealable where the trial court expressly determines "an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). In making such a determination, the trial court must consider: (1) whether there is a significant relationship between adjudicated and unadjudicated claims; (2) whether there is a possibility that an appeal

---

[1] Other bases for this Court's jurisdiction include an appeal from an interlocutory order as of right, *see* Pa.R.A.P. 311; from a collateral order, *see* Pa.R.A.P. 313; or from an interlocutory order by permission, *see* Pa.R.A.P. 312, 1311, *see also* 42 Pa.C.S.A. § 702(b). However, those provisions do not apply to the present order.

would be mooted by further developments; (3) whether there is a possibility that the court or administrative agency will consider issues a second time; and (4) whether an immediate appeal will enhance prospects of settlement. Pa.R.A.P. 341, Note; *see also Bailey*, 85 A.3d at 1069 (noting that a court "must consider all four factors when making a determination of finality") (citation omitted).

Here, the trial court's determination of finality did not include an express determination that an immediate appeal would facilitate resolution of the entire case. *See Bailey*, 85 A.3d at 1070. Nothing in the record indicates that the trial court considered any of the factors necessary for a determination of finality. Our review reveals no basis to conclude that (1) the trial court's decision to strike certain areas of damages bore a significant relationship to the unadjudicated claims of liability; (2) further developments would render the damages issues moot; (3) a later appeal from a final order would create an injustice; and (4) an immediate appeal would enhance the prospects of settlement. Accordingly, we conclude that the trial court's Rule 341(c) certification does not establish this Court's jurisdiction, and we quash this appeal. *See Bailey*, 85 A.3d at 1070.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/24/2022