J-A15026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JACK L. ZAVILLA AND LUCY ZAVILLA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN J. GEIBEL AND MARJORIE A. GEIBEL | : | |
| | : | No. 1067 WDA 2022 |
| Appellant | : | |

Appeal from the Order Entered August 19, 2002
In the Court of Common Pleas of Butler County Civil Division at No(s):
No. 2016-10790

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: September 29, 2023**

Steven J. Geibel and Marjorie A. Geibel (collectively, "the Geibels") appeal from the order entering judgment in favor of Jack L. Zavilla and Lucy Zavilla (collectively, "the Zavillas"). Because the order appealed from did not dispose of all claims, we quash this appeal.

Given our disposition, we briefly summarize the facts of this case. This matter arises from a dispute between neighbors over ownership of a small piece of land ("Disputed Land") in Butler County. The land west of the Disputed Land is owned by the Geibels and the land east of the Disputed Land is owned by the Zavillas. The Geibels acquired their property in April 2015 and began farming on the Disputed Land. The Zavillas then put "no trespassing" signs on the Disputed Land and claimed ownership of the land. This lawsuit followed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The Zavillas brought an action against the Geibels asserting four causes of action: ejectment, declaratory relief, trespass, and conversion of timber. The Geibels filed counterclaims raising two causes of action: quiet title and trespass.

The parties submitted a stipulation of facts to the trial court. The court found in favor of the Zavillas on their ejectment and declaratory judgment claims, as well as on the Geibels' quiet title and trespass counterclaims. The court, however, did not make a ruling on the Zavillas' claims for trespass and conversion of timber. In its order entering judgment in favor of the Zavillas, the court stated:

> This Order is hereby designated as a final order with respect to the property ownership question in this proceeding that is the focus of the [Zavillas'] Ejectment and Declaratory Judgment claims and as to the Quiet Title and Trespass Counterclaims . . .
>
> If no appeal is filed as to the contents of this Order within the timeline for such appeal, the parties shall confer and jointly request a Status Conference with the Court within forty-five (45) days of the date of this Order to address the procedure for disposition of any remaining claims in this action.

Trial Court Order, 8/18/22, at ¶¶ 4, 5.

The Geibels filed a notice of appeal of the court's order. On November 30, 2022, this Court issued a rule to show cause upon the Geibels to show cause as to the appealability of the trial court's order since two claims remained outstanding. In response, the Geibels acknowledged that the order did not dispose of the Zavillas' trespass and conversion of timber claims. **See** Letter in Response to Rule to Show Cause, filed 12/14/22, at 1. However, they

argued that those remaining claims were predicated on the Zavillas' success on appeal with respect to the declaratory judgment on ownership of the Disputed Land. *Id.* The Geibels further argued that the court's order expressed an intent to certify the order for immediate appeal and that judicial economy would be served by permitting the appeal to proceed. *Id.* at 2. On March 1, 2023, the rule to show cause order was discharged, and the issue was referred to this panel.

The Geibels raise the following issues:

1. Whether the lower [c]ourt erred as a matter of law and/or abused its discretion by determining that [the Geibels] failed to meet their burden of proof in stating that a subdivision did not determine property lines and ownership of any remaining parcel[?]

2. Whether the lower [c]ourt erred as a matter of law and/or abused its discretion by failing to give weight to [the Geibels'] assertion that their chain of title offered a clearer description of the property line to better define the land ownership interest of each part[?]

3. Whether the lower [c]ourt erred as a matter of law and/or abused its discretion by attributing [the Geibels'] predecessors' lack of use of the Disputed [Land] as evidence that [the Zavillas] owned the Disputed [Land ?]

Geibels' Br. at 5.

We consider whether we have jurisdiction over this appeal. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064, 1067 (Pa.Super. 2014) (citation omitted). This Court may "inquire at any time, *sua sponte*, whether an order is appealable." *Id.* at 1068 (citation omitted).

"As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." ***In re Bridgeport Fire Litigation***, 51 A.3d 224, 229 (Pa.Super. 2012) (citation omitted); ***see also*** Pa.R.A.P. 341. Relevant here, subdivision (c) of Rule 341 provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties **only upon an express determination that an immediate appeal would facilitate resolution of the entire case**. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c) (emphasis added). The Official Comment to Rule 341, states, in relevant part:

> Subdivision (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Factors to be considered under subdivision (c) include, but are not limited to:
>
> > (1) whether there is a significant relationship between adjudicated and unadjudicated claims;
> >
> > (2) whether there is a possibility that an appeal would be mooted by further developments;
> >
> > (3) whether there is a possibility that the court or government unit will consider issues a second time; and
> >
> > (4) whether an immediate appeal will enhance prospects of settlement.

Pa.R.A.P. 341, Comment.

A trial court "must consider all four factors when making a determination of finality." ***Bailey***, 85 A.3d at 1069. After consideration of at least these four factors, the court then must "make an express determination that an immediate appeal will facilitate resolution of the entire case." ***Id.*** "A determination that an immediate appeal of a non-final order is appropriate should be made only in the most extraordinary circumstances[.]" ***Robert H. McKinney, Jr., Associates, Inc. v. Albright***, 632 A.2d 937, 939 (Pa.Super. 1993). Absent language in the court's order indicating that an immediate appeal would facilitate resolution of the entire case, we lack jurisdiction under Rule 341(c). ***See Bailey***, 85 A.3d at 1070; ***see also Stewart v. Nicosia***, 946 A.2d 1103, 1106 (Pa.Super. 2008) (finding that although the trial court designated its order as a final order pursuant to Rule 341(c), this Court lacked jurisdiction because the trial court did not make an "express determination that an appeal would facilitate resolution of the entire case" (citation omitted)).

Here, it is undisputed that the court did not dispose of the Zavillas' claims for trespass and conversion. Although the court may have intended to make the order a final order, the court's order did not include "an express determination that an immediate appeal would facilitate resolution of the entire case," as required by Rule 341(c). Further, there is no indication that the court considered any of the factors necessary for a determination of finality. ***See Bailey***, 85 A.3d at 1068-70.

Therefore, because the order did not dispose of all claims and the court did not make a determination of finality pursuant to Rule 341(c), the order is not a final order and we lack jurisdiction to review it. Accordingly, we quash the appeal and remand this case for further proceedings.

Appeal quashed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023